ALTENBERND, Judge.
Ronald Kain appeals a final judgment entered in an action to enforce a foreign judgment. Because of several procedural irregularities, we reverse and remand for further proceedings.
On July 15,1993, Kathy Kain filed a pleading entitled “Complaint to Establish Foreign Decree as Florida Judgment.” The complaint generally alleges that Mr. Kain has failed to comply with a California decree and owes $30,453 in child support. The doeu-ments attached to the complaint do not appear to include a foreign judgment. This action was not filed under either parts III or IV of chapter 88, concerning foreign support orders. It is not an action based on the streamlined procedure described in sections 55.501-.509, Florida Statutes (1993), for domestication of a foreign judgment.
Mr. Kain filed a motion to dismiss on the ground that the complaint failed to state a cause of action because a final judgment was not attached. Before this motion was resolved, the trial court entered a final judgment on October 7,1993, for $36,516, describing the action as one for support under chapter 61 and relying on a new affidavit signed by Ms. Kain.
The parties dispute whether Mr. Kain’s attorney received actual notice of the hearing at which this judgment was entered. There is no dispute, however, that the hearing was not formally noticed and Mr. Kain’s attorney did not attend. Given that the ease was not at issue, the motion to dismiss had merit, the complaint should have been filed pursuant to chapter 88, and Ms. Kain never requested relief under chapter 61, we conclude this judgment should be reversed and the matter remanded for additional consideration.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and QUINCE, J., concur.