679 So.2d 326 (1996)
STATE of Florida, DEPARTMENT OF REVENUE, by and on Behalf of Roseann S. JORDA, Petitioner,
v.
Erwin FLEET, as Circuit Judge of the First Judicial Circuit, and Michael W. Jorda, Respondents.
No. 96-1088.
District Court of Appeal of Florida, First District.
August 28, 1996.
*327 Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., Tallahassee; Chriss Walker, Department of Revenue, Office of Child Support Enforcement, Tallahassee, for Petitioner.
Bert Moore and Alice H. Murray, of Moore, Kessler and Moore, Niceville, for respondent, Jorda.
JOANOS, Judge.
This cause is before the court by a petition for writ of prohibition, seeking to preclude the circuit court from exercising subject matter jurisdiction over a motion for modification of a Georgia child support order. We conclude that enactment of the federal act requiring full faith and credit for child support orders[1] of other states has limited the authority of the courts of this state to modify the amount of a child support award ordered by a court of another state. Therefore, we grant the writ.
In August 1992, a final divorce decree was entered in Cobb County, Georgia, dissolving the marriage of Roseann Jorda (mother) and Michael Jorda (father). The final judgment placed custody of the parties' two minor children with the mother, and ordered the father to pay monthly child support in the amount of $175.00 for each child. In March 1994, the mother filed a petition under the Georgia Uniform Reciprocal Enforcement of Support Act (URESA) to establish the Georgia child support obligation in Florida where the father now resides, and to enforce payment and arrearage of the support previously ordered. The father filed a pro se response to the petition in which he acknowledged the obligation to pay, and the amount of, the child support obligation, but alleged he was unable to pay the amount of support ordered.
In April 1995, the father filed a motion to modify the final judgment. The mother filed a motion to strike, alleging the father's motion violated the provisions of Florida Rule of Civil Procedure 1.110(h).[2] The trial court granted the motion to strike, and directed the father to file a proper pleading. On July 25, 1995, the father filed a supplemental petition to modify the final judgment of dissolution of marriage. Before a hearing was held on the father's petition, a hearing was held on the mother's URESA petition. On September 29, 1995, the trial court issued an order directing the father to pay the $350.00 monthly child support obligation established in the Georgia decree, and reserving jurisdiction to address the child support arrearage. The order granted the mother ten days to file an answer to the father's supplemental complaint for modification.
After a hearing on the father's supplemental complaint for modification, the trial court issued an order granting the father fifteen days to file an amended supplemental complaint for modification addressed to the trial court's September 29, 1995, enforcement order. On December 6, 1995, the father served his amended supplemental petition to modify the child support obligation established in the Georgia decree. In response, the mother served motions to strike and to dismiss. The mother maintained that pursuant to the Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B (1994), the trial court did not have jurisdiction to modify the Georgia support order. The trial court disagreed with this interpretation of the federal act, and issued an order denying the motions to strike and to dismiss.
The Full Faith and Credit for Child Support Orders Act was enacted October 22, 1994. Pub.L. No. 103-383, § 3(a), 108 Stat. 4064 (codified at 28 U.S.C. § 1738B (1994)). The provision states in part:
(a) General rule.The appropriate authorities of each State
(1) shall enforce according to its terms a child support order made consistently with *328 this section by a court of another State; and
(2) shall not seek or make a modification of such an order except in accordance with subsection (e).
....
(e) Authority to modify orders.A court of a State may make a modification of a child support order with respect to a child that is made by a court of another State if
(1) the court has jurisdiction to make such a child support order; and
(2)(A) the court of the other State no longer has continuing, exclusive jurisdiction of the child support order because that State no longer is the child's State or the residence of any contestant; or
(B) each contestant has filed written consent to that court's making the modification and assuming continuing, exclusive jurisdiction over the order.
The Child Support Act was designed to rectify the problems caused by the lack of uniformity among state law provisions dealing with child support orders. Among other things, Congress perceived that the lack of uniformity encouraged noncustodial parents to relocate to other states to avoid the jurisdiction of the courts of the home state, "resulting in an increase in the amount of interstate travel and communication required to establish and collect on child support orders and a burden on custodial parents that is expensive, time consuming, and disruptive of occupations and commercial activity." Pub.L. 103-383, § 2, 108 Stat. 4064 (1994), Congressional Findings and Declaration of Purpose. The stated purposes of the Act are:
(1) to facilitate the enforcement of child support orders among the States;
(2) to discourage continuing interstate controversies over child support in the interest of greater financial stability and secure family relationships for the child; and
(3) to avoid jurisdictional competition and conflict among State courts in the establishment of child support orders.
The parties have not cited, and our independent research has not disclosed, a decision of a Florida appellate court addressing application of the 1994 federal Child Support Orders Act to a request for modification of child support ordered by a court of another state. However, the petitioner has directed our attention to an Ohio opinion which raises essentially the same issue on similar facts. In Paton v. Brill, 104 Ohio App.3d 826, 663 N.E.2d 421 (Ohio App. 10 Dist.1995), pursuant to a Maryland divorce decree, the former husband was ordered to pay support for the parties' two minor children. The husband moved to Ohio. The former wife filed a URESA petition, for enforcement of the Maryland child support order. In July 1994, the Ohio court entered a child support order which conformed to the initial Maryland order. Subsequently, the former wife filed a motion for contempt due to the former husband's failure to pay child support, whereupon the former husband filed a motion for reduction of the child support obligation. The referee recommended dismissal of the motion to modify, finding the Ohio court lacked authority to modify the initial Maryland order. The trial court overruled the objections to the referee's report and recommendation, and adopted the report of the referee. The former husband appealed, alleging a violation of his due process and equal protection rights, and contending the ruling discriminated against the class of noncustodial parents by denying access to the court.
The opinion is valuable for its discussion of the Full Faith and Credit for Child Support Orders Act in the context of a motion to modify the initial URESA enforcement order entered by the responding court. The Ohio court concluded that in view of the inapplicability of the exceptions set forth in subsection (e) of the Act, "the federal legislation clearly prohibits modification by the responding Ohio court and requires appellant to return to Maryland to seek modification of his child support obligation." 663 N.E.2d at 425. The court further found the distinctions resulting from operation of the statute are reasonable and directly related to solving a critical national problem concerning
the failure of a significant number of parents to fulfill their responsibilities to support their children. We see no due process *329 or equal protection problems with the statute. We also see no impermissible burden on the freedom of travel.
Id. at 425. After rejecting arguments similar to those presented by respondents in this case, the Ohio court affirmed the judgment of the trial court dismissing the motion for modification. 663 N.E.2d at 425.
The trial court in this case reasoned that prior decisions of the Florida Supreme Court authorized modification of the child support ordered in the Florida URESA enforcement order.[3] Consequently, the trial court rejected petitioner's argument that pursuant to the Full Faith and Credit for Child Support Orders Act, the trial court was without authority to modify the amount of the child support ordered by the initiating court in the divorce action.
We conclude the 1994 federal legislation has preempted Florida law with respect to modification of child support orders in a URESA enforcement action. Under the act, modifications are prohibited unless the exceptions set forth in subsection (e) are satisfied. This case does not fall within the restrictive exceptions, because the Georgia court has continuing, exclusive jurisdiction of the child support order. The minor children and custodial parent continue to reside in Georgia, and there is nothing in the record which indicates that each contestant has filed written consent to the Florida court's making the modification and assuming continuing, exclusive jurisdiction over the order. See 28 U.S.C. § 1738B(e)(2) (1994). Given the inapplicability of the exceptions, the federal legislation prohibits modification by the responding Florida court. Therefore, the father is required to seek modification of the child support obligation in the Georgia court.
Accordingly, we grant the petition for writ of prohibition, and remand this cause to the trial court with directions to grant petitioner's motion to dismiss the father's motion for modification of the child support enforcement order.
WOLF and VAN NORTWICK, JJ., concur.
NOTES
[1] See 28 U.S.C. § 1738B (1994).
[2] The rule requires that a defendant's pleading must be designated a supplemental complaint or petition, after which the supplemental complaint or petition would be treated as the initial pleading in the action.
[3] In Koon v. Boulder County, Department of Social Services, 494 So.2d 1126, 1129 (Fla.1986), the supreme court expressly held that "URESA provides responding state courts with the authority to order support commensurate with the current ability of the obligor, without being bound by previous support orders."