683 So.2d 624 (1996)
STATE of Florida, DEPARTMENT OF REVENUE, on Behalf of Barbara SKLADANUK, Appellant,
v.
Bart SKLADANUK, Appellee.
No. 95-03905.
District Court of Appeal of Florida, Second District.
November 27, 1996.
*625 Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Ard, Assistant Attorney General, Tampa, for Appellant.
Bart Skladanuk, pro se.
DANAHY, Acting Chief Judge.
The State of Florida, Department of Revenue, brings this appeal from an order modifying downward the appellee/father's child support obligation from amounts previously set in an order of a New York court. Despite the fact that the father proved to the trial court here by substantial competent evidence that he is currently unable to pay the amount set by the court in New York, we reverse because Congress has recently limited the authority of state courts to modify foreign child support orders under the circumstances presented in this case.
In July 1994 a New York Family Court entered an order finding the appellee/father responsible for weekly child support of $116.68, weekly child care of $51.81, and an additional $56.51 weekly toward an arrearage of $19,408.24. No appeal was taken from this order. The father was at this time living in Florida and working at a restaurant. He had paid a total of $50 child support for 1994 at the time of the hearing in New York. The mother subsequently filed an action in New York under New York's Uniform Reciprocal Enforcement of Support Act [URESA] to enforce this order against the father in Florida, as the responding state. The circuit court held a hearing on the URESA petition in August 1995 at which the father appeared and gave evidence. Apparently the Department of Revenue [DOR] did not dispute that the father was in economically poor condition. The circuit court substantially reduced the father's support obligations under the authority of Koon v. Boulder County, Department of Social Services, 494 So.2d 1126 (Fla.1986), and did not enforce the terms of the New York order. It is from this order that the DOR appeals.
In 1994 Congress enacted the Full Faith and Credit for Child Support Orders Act [FFCCSOA], Pub.L. No. 103-383, § 3(a), 108 Stat. 4064 (1994) (codified at 28 U.S.C. § 1738B (1994)). Congress passed FFCCSOA to rectify problems caused by a perceived lack of uniformity among the states in dealing with child support orders of sister states. Congress believed this lack of uniformity encouraged noncustodial parents to relocate to other states to escape the jurisdiction of their home state "resulting in an increase in the amount of interstate travel and communication required to establish and collect on child support orders and a burden on custodial parents that is expensive, time consuming, and disruptive of occupations and commercial activity." Pub.L. No. 103-383, § 2, 108 Stat. 4064 (1994).
Essentially, FFCCSOA provides that each state shall enforce a child support order of another state according to its terms and shall not have jurisdiction to modify that foreign order except in accordance with subsection (e) of FFCCSOA. Subsection (e) provides *626 that the original foreign order may be modified by a sister state if the state that issued the order seeking to be enforced is no longer the child's state of residence or the residence of any individual contestant, or each individual contestant has filed written consent with the original state (i.e., the payee's state) to allow modification by the payor's state. None of the prerequisites to modification jurisdiction as outlined in subsection (e) have been complied with in this case.
Based on the foregoing circumstances, the DOR argues that the circuit court was without jurisdiction under subsection (e) of FFCCSOA to modify the New York order. We agree. The First District has recently addressed this issue and reached a similar conclusion. State of Florida, Dep't of Revenue ex rel. Jorda v. Fleet, 679 So.2d 326 (Fla. 1st DCA 1996). As the First District found in Jorda, this federal legislation has preempted Florida law to the extent of removing jurisdiction to modify child support orders under the circumstances of this case where the exceptions of subsection (e) are not satisfied. The New York court has continuing, exclusive jurisdiction of this order because the child and her mother continue to reside there. In light of FFCCSOA, under URESA the responding Florida court in this case must enforce the terms of the New York order as written regardless of the father's current inability to pay. The father is required to seek modification of his child support obligation in New York unless he can show that he has satisfied one of the exceptions of subsection (e).
We reverse the final judgment and remand the case for further proceedings in accordance with this opinion.
ALTENBERND and QUINCE, JJ., concur.