698 So.2d 894 (1997)
Claire Schueler KRAMER, Appellant,
v.
Alan L. KRAMER, Appellee.
No. 96-2892.
District Court of Appeal of Florida, Fourth District.
August 27, 1997.
Rehearing Denied September 23, 1997.
Allan L. Hoffman, West Palm Beach, for appellant.
Barry I. Finkel of Barry I. Finkel, P.A., Fort Lauderdale, for appellee.
GROSS, Judge.
This is an appeal of an order terminating a father's child support obligations. We reverse because the trial court was without authority to modify the out-of-state child support order under the Full Faith and Credit for Child Support Orders Act, codified at 28 U.S.C.A. § 1738B.
Alan and Claire Kramer were divorced in New Jersey in 1979. The final judgment of divorce required Alan to pay $100 per week in child support for their son Ryan, who was born on March 25, 1977. Prior to entry of the divorce decree, Claire and Ryan moved to Florida where they have lived for over 17 *895 years. After the divorce, Alan moved to New York where he continues to reside. In 1988, a New York court entered an order modifying the support obligation by increasing the amount to $200 per week.
On March 20, 1996, Claire filed a petition in New York seeking child support arrears and a declaration that Alan was responsible for paying a portion of Ryan's college expenses.[1] In May, 1996, while the New York action was pending, Alan filed a petition for modification in Florida requesting that his child support obligation be terminated because Ryan had reached the age of majority pursuant to Florida law on March 25, 1995. In response to Alan's Florida petition, Claire informed the court of the pending New York action and, among other things, requested that the Florida court refuse jurisdiction. Alan moved for judgment on the pleadings and, on July 19, 1996, the trial court granted Alan's motion and terminated his child support obligations as of March 25, 1995, Ryan's eighteenth birthday. See § 743.07(1), Fla. Stat. (1995).
Federal legislation has preempted Florida law with respect to modification of child support orders rendered in another state. See Skladanuk v. Skladanuk, 683 So.2d 624, 626 (Fla. 2d DCA 1996); Jorda v. Fleet, 679 So.2d 326, 328 (Fla. 1st DCA 1996). On October 10, 1994, Congress enacted the Full Faith and Credit for Child Support Orders Act. Pub.L.No. 103-383, § 3(a), 108 Stat. 4064 (codified at 28 U.S.C. § 1738B (1994)). The stated purposes of the Act are
(1) to facilitate the enforcement of child support orders among the States;
(2) to discourage continuing interstate controversies over child support in the interest of greater financial stability and secure family relationships for the child; and
(3) to avoid jurisdictional competition and conflict among State courts in the establishment of child support orders.
Pub.L.No. 103-383, § 2(c). The Act provides that each state shall enforce the terms of a child support order "made consistently with the Act by a court of another state." 28 U.S.C.A. § 1738B(a)(1). The act further declares that the appropriate authorities of each state "shall not seek or make a modification of such an order except in accordance with subsection (e)" of the Act. 28 U.S.C.A. § 1738B(a)(2) (1994).[2] The statutory definition of a "modification" is
a change in a child support order that affects the amount, scope, or duration of the order and modifies, replaces, supersedes, or otherwise is made subsequent to the child support order.
28 U.S.C.A. § 1738B(b). The trial court's order in this case was a "modification" within the meaning of the statute.
Subsection (e) sets forth two criteria which must be met before a court of one state can modify a child support order issued by a court of another state:
(e) Authority to modify orders.A court of a State may make a modification of a child support order with respect to a child that is made by a court of another State if
(1) the court has jurisdiction to make such a child support order; and
(2)(A) the court of the other State no longer has continuing, exclusive jurisdiction of the child support order because that State no longer is the child's State or the residence of any contestant; or

*896 (B) each contestant has filed written consent to that court's making the modification and assuming continuing, exclusive jurisdiction over the order.
28 U.S.C.A. § 1738B(e) (1994).
The second criterion of subsection (e) controls this case. Under subsection (e)(2), one of two conditions must be met for a court to have the authority to modify an out-of-state support order. First, neither the child nor any contestant continues to reside in the state that issued the order sought to be modified. Because Alan Kramer continues to live in New York where the support order was last modified, this condition is not met. See Harbour v. Harbour, 677 So.2d 700, 704 (La.Ct.App., 1st Cir.1996). Nor has the second condition been satisfied; neither party filed a written consent to the Florida court making a modification and assuming continuing, exclusive jurisdiction over the order. For these reasons, the Florida court was without authority to modify the support order terminating all support obligations. See Skladanuk, 683 So.2d at 626; Jorda, 679 So.2d at 329.
Pursuant to subsection (d) of the Act, New York maintained continuing, exclusive jurisdiction over the support order. That subsection provides:
(d) Continuing jurisdiction.A court of a State that has made a child support order consistently with this section has continuing, exclusive jurisdiction over the order if the State is the child's State or the residence of any contestant unless the court of another State, acting in accordance with subsection (e), has made a modification of the order.
28 U.S.C.A. § 1738B(d) (1994). The definition of "child support order" includes an initial order or a modification of an order. 28 U.S.C.A. § 1738B(b) (1994). New York modified the original support order in accordance with the Act where neither the child, nor the parents continued to reside in New Jersey at the time of the modification. The trial court in this case did not have the authority to modify an order over which New York had continuing, exclusive jurisdiction. Unless Claire consents to the Florida court's authority to modify the support order, or he changes his residence, Alan can only obtain modification in New York. See Skladanuk, 683 So.2d at 626; Jorda, 679 So.2d at 329; Harbour, 677 So.2d at 704.
This case demonstrates the type of interstate controversy that the Act seeks to avoid. Ryan's ability to obtain a portion of his college expenses from his father may turn on which state's law applies. Because we hold that the trial court lacked the authority to modify the New York order by terminating the support obligation, we do not reach the issue of whether the trial court correctly applied Florida law under 28 U.S.C.A. § 1738B(g) (1994).
REVERSED AND REMANDED.
GLICKSTEIN and PARIENTE, JJ., concur.
NOTES
[1] Under New York law, the parents of a child under 21 "are chargeable with the support of such child and, if possessed of sufficient means or able to earn such means, shall be required to pay for child support ..." N.Y. FAM. CT. § 413.1.(a) (McKinney 1997). In addition, a court has the discretion to direct a parent to contribute to a child's college education. NY DOM. REL. § 240(1-b)(c)(7) (McKinney 1997); Manno v. Manno, 196 A.D.2d 488, 600 N.Y.S.2d 968, 971 (1993).

In New Jersey, attainment of age 18 establishes "prima facie, but not conclusive, proof of emancipation ... with the correlative termination of the right to parental support." Newburgh v. Arrigo, 88 N.J. 529, 443 A.2d 1031, 1037 (1982). However, "[i]n general, financially capable parents should contribute to the higher education of children who are qualified students." Id. 443 A.2d at 1038.
[2] The Act was amended effective August 22, 1996. Pub.L.No. 104-193, Title III, § 322, 110 Stat. 2221. Because the amendment was not in effect at the time of Alan's motion or the court's order, we apply the original version of the Act.