703 So.2d 533 (1997)
STATE of Florida, DEPARTMENT OF REVENUE by and on Behalf of Linda HYLTON, Petitioner,
v.
Willard HYLTON, Respondent.
No. 97-1058.
District Court of Appeal of Florida, Fourth District.
December 31, 1997.
*534 Joseph R. Boyd and William H. Branch of Boyd, Lindsey, Williams & Branch, P.A., and Chriss Walker of Department of Revenue, Office of Child Support Enforcement, Tallahassee, for petitioner.
Stanley G. Swiderski of Law Office of Stanley G. Swiderski, P.A., Hollywood, for respondent.
GROSS, Judge.
This is a petition for writ of prohibition filed by the Florida Department of Revenue on behalf of Linda Hylton, seeking to prevent the trial court from ruling on Willard Hylton's motion to modify a Georgia child support order which had been registered in Florida under the Revised Uniform Reciprocal Enforcement of Support Act (URESA), Chapter 88, Florida Statutes (1995). We grant the writ, because the trial court is without jurisdiction to modify the Georgia child support order.
A Georgia court entered a final judgment dissolving the Hyltons' marriage and ordering the father to pay child support. The mother filed a URESA petition to have the child support order established and enforced in Florida where the father now resides. The trial court granted registration and enforcement, and directed the father to pay the Georgia-ordered child support.
In the Florida trial court, the father later moved to downwardly modify his child support obligation. The mother moved to strike the motion. After the trial court denied the motion to strike, the mother filed this petition for writ of prohibition.
Prohibition is properly granted to prevent the trial court from exceeding its jurisdiction. See English v. McCrary, 348 So.2d 293, 296 (Fla.1977). The Full Faith and Credit for Child Support Orders Act, 28 U.S.C.A. § 1738B (1994), has preempted Florida law with respect to modification of child support orders in URESA enforcement actions. See State, Dept. of Revenue ex rel. Jorda v. Fleet, 679 So.2d 326, 329 (Fla. 1st DCA 1996); State, Dep't of Revenue on Behalf of Skladanuk v. Skladanuk, 683 So.2d 624, 626 (Fla. 2d DCA 1996). Section 1738B(e) of the act sets forth the criteria which must be met before the trial court would be permitted to modify the Georgia final judgment. See Kramer v. Kramer, 698 So.2d 894 (Fla. 4th DCA 1997). Neither of the criteria are satisfied in this case. Georgia has "continuing, exclusive jurisdiction of the child support order" because it remains the children's and mother's state of residence. 28 U.S.C.A. § 1738B(e)(2)(A). The mother has not filed "written consent" to the Florida court making a modification and assuming continuing, exclusive jurisdiction over the child support issue. 28 U.S.C.A. § 1738B(e)(2)(B). The mother's filing of a URESA action to collect child support payments does not amount to a "written consent" under subsection (e)(2)(B). See Bednarsh v. Bednarsh, 282 N.J.Super. 482, 660 A.2d 575 (Ch. Div.1995). For these reasons, the trial court is without authority to modify the Georgia child support order.
The father contends that the trial court's ruling was proper under Gonzales v. Trudeau, 657 So.2d 60 (Fla. 4th DCA 1995). However, that case was decided without reference to the Full Faith and Credit for Child Support Orders Act. In Kramer, this court followed Skladanuk and Jorda in holding that the Act preempted Florida law with respect to the modification of out-of-state child support orders.
We grant the writ of prohibition and remand this case to the trial court with directions to grant petitioner's motion to strike the father's motion for modification.
WARNER and POLEN, JJ., concur.