THOMPSON, J.
The Department of Revenue (“DOR”) [1], on behalf of Marie E. Méire, appeals the dismissal of its petition to determine paternity and child support. We reverse.
DOR alleged that Jeffrey A. Bander was the father of Marie Meire’s child and that *1146 the child was receiving public support in the State of Maine. The petition was filed pursuant to Chapter 88, Florida Statutes, the Revised Uniform Reciprocal Enforcement of Support Act. In the supporting affidavit attached to the petition, Meire alleged that Lawrence Borghini had been named the father on the birth certificate, but DNA testing proved he was not. She alleged that during the 60 days spanning conception, she had sexual intercourse with Bander and Borghini, but that she believed Borghini was not the father because his DNA test had been negative. The petition conformed to all the requirements of the revised URESA statute.
Jeffrey A. Bander, the putative father, moved to dismiss the petition alleging that it failed to state a cause of action because the child’s birth certificate was not attached to the petition, because a copy of the DNA test result was not attached to the petition, and because the mother’s verification was improper in that she swore “to the best of my knowledge and belief.”[2]
In support of the dismissal, Bander cites sections 742.10(1), 12(2), and 12(3), and argues that birth certificates and DNA evidence are used in Florida courts as evidence to establish paternity, and that he was entitled to have these records attached to the petition in order to exclude himself as the father. He contends that he should not be required to rely upon the unsupported allegations of Meire that the DNA test results of Borghini were negative. He also argues that Rule 1.130, Florida Rules of Civil Procedure, requires that the documents be attached. He contends that the allegation that another man’s name was on the birth certificate required that it be attached to the petition since it formed the basis of their complaint. The document, he argued, “has relevance” because it “may constitute a defense.”
We agree with DOR that the complaint was sufficient without the attachments. Chapter 88 adopts federal law and the forms that can be used by the state in establishing paternity and collecting child support. The purpose of the statute is to bring uniformity to the establishment and enforcement of orders of child support across state lines, and to provide remedies in addition to those of each state. § 88.012, Fla. Stat. (1997); see also Nicoll v. Baker, 668 So.2d 989 (Fla.1996); Koon v. Boulder County, Dept. of Social Services, 494 So.2d 1126 (Fla.1986). There is no requirement in Chapter 88 that a birth certificate or DNA test results be attached to a petition. Further, Rule 1.130, Florida Rules of Civil Procedure, requires the attachment of documents to a complaint only if the cause of action rests or depends on the attachments. See e.g. Sachse v. Tampa Music, Co., 262 So.2d 17 (Fla. 2d DCA 1972); Braz v. Professional Ins. Corp., 101 So.2d 594 (Fla. 3d DCA 1958). In this case, the cause of action does not rest on a document.
The simple issue in this case is whether Bander is the father of the child and, if so, whether Bander has the ability to provide support for the child. The trial court can order, or Bander can request, all of the parties in the case (the putative father or fathers, the mother and the child) to submit to DNA tests. § 742.12(2), Fla. Stat. The failure to attach the documents Ban-der requests is not a basis to dismiss the complaint. The order of dismissal is quashed and case is remanded with directions that DOR be allowed to proceed with the complaint to establish paternity and child support.
*1147 ORDER QUASHED; REVERSED and REMANDED with directions.
W. SHARP, and ANTOON, JJ., concur.

. The Department of Revenue is the state ' agency designated by statute for administra- *1146 lion of the Child Support Enforcement Program under Title IV-D of the Social Security Act, 42 U.S.C.A. §§ 651 et seq (1991). See § 409.2557, Fla. Stat. (1997).

. At oral argument, Bander's counsel conceded this issue after he was advised that the petition met the requirements of section 88.0011, Florida Statutes (1997), the Uniform Interstate Family Support Act formerly known as URESA. See also §§ 88.371, 88.311, Fla. Stat. (1997)