738 So.2d 967 (1999)
Karl J. LORENZO, Appellant,
v.
Lynne SKOWRONSKI-THOMPSON, Appellee.
Nos. 97-04406, 97-04816.
District Court of Appeal of Florida, Second District.
June 23, 1999.
Toni A. Home of Toni A. Home, P.A., Naples, for Appellant.
Thomas W. Franchino, Naples, for Appellee.
QUINCE, PEGGY A., Associate Judge.
Karl J. Lorenzo (Lorenzo) challenges the entry of a money judgment against him based on a New York divorce decree. In the New York decree Lynne Skowronski-Thompson (Thompson), Lorenzo's former wife, was awarded child support in the amount of $384.62 per week, plus health insurance and medical expenses. After Thompson recorded the decree pursuant to section 55.501, Florida Statutes (1995), a money judgment for child support arrears was entered. We affirm the entry of judgment because Thompson properly recorded the New York decree under Chapter 55.[1]
*968 This case arises out of a 1987 New York divorce decree and order of child support and a 1990 Florida Uniform Reciprocal Enforcement of Support Act (URESA) proceeding. In 1987 the New York Supreme Court awarded Thompson $20,000 per year in child support. In 1990, after Thompson had moved to Utah and Lorenzo had moved to Florida, Thompson instituted URESA proceedings in Florida to enforce the payment scheme established in the New York decree. Because the $20,000 per year was more than Lorenzo earned at the time, he filed a counter-petition for a downward modification of child support. As a result of the URESA proceeding, Lorenzo's obligation under the New York decree was reduced to $7,384 per year ($142 per week). The URESA action also established that Lorenzo was approximately $19,000 in arrears.
In 1996 Thompson recorded the New York divorce decree in Florida under section 55.501, and sought to have it reduced to a money judgment for the amount of arrears owed. The trial court ultimately heard argument on whether the URESA judgment of 1990 modified the amount of child support payable under the New York decree or whether arrearages continued to accrue at the rate indicated in the decree. The court entered a judgment against Lorenzo in excess of $96,000. Lorenzo's subsequent attempts to overturn this judgment in Florida were rejected. He then turned to the New York court which retroactively adopted the Florida URESA judgment on the authority of 28 U.S.C. § 1738B.[2]
Lorenzo argues that the trial court's entry of a judgment of arrears based on Thompson's recording of the New York divorce decree was error because Thompson should have been required to pursue her remedies under URESA. We disagree. The trial court permitted Thompson to proceed under Florida's Uniform Enforcement of Foreign Judgments Act, sections 55.501-55.509, Florida Statutes (1995).[3] Section 55.502(1) defines the term foreign judgment as any judgment, decree, or order of a court of any state or of the United States if such judgment, decree, or order is entitled to full faith and credit in this state. The parties do not argue that the New York divorce decree does not fit the definition of a foreign judgment. Lorenzo argues, instead, that Thompson should have been required to enforce this New York decree under URESA since the issue is one involving child support.
While it is true that a proceeding to enforce a support order from a sister state may be brought under URESA, URESA is not a complainant's exclusive remedy. Section 88.012, Florida Statutes (1995), provides that it is the intent of the legislature that "the remedies provided for herein shall be in addition to, and not in lieu of, existing remedies." The legislature has unambiguously indicated that a complainant pursuing child support can proceed under any provisions of law that are available. By its very terms, the foreign judgment statute is applicable to any judgment, decree or order, and has been applied in the context of a foreign divorce decree. See Nichols v. Nichols, 613 So.2d 137 (Fla. 4th DCA 1993) (New York divorce decree domesticated in Florida under the provisions of section 55.503). And this court implicitly acknowledged in Kain v. State, 645 So.2d 578 (Fla. 2d DCA 1994), that an action to enforce child support could be brought under URESA or sections 55.501-509.
Lorenzo also argues that under the Full Faith and Credit for Child Support Orders Act (FFCCSOA), 28 U.S.C. § 1738B, arrearages should have been calculated based on the reduced amount of *969 support established in the 1990 URESA order. We disagree because FFCCSOA, which was enacted by Congress in 1994, is not applicable to the 1990 proceedings.
Although the URESA proceedings which took place in this case reduced the amount of child support Lorenzo was to pay each month, the 1990 version of the URESA statute contained an anti-nullification provision.[4] Under this provision, a court in a URESA proceeding could change the amount the payor had to presently pay in support; but arrearages continued to accumulate at the rate designated in the original decree. See § 88.281, Fla. Stat. (1989); State, Dep't of Health and Rehab. Servs. v. Franklin, 630 So.2d 661 (Fla. 2d DCA 1994); Helmick v. Helmick, 436 So.2d 1122 (Fla. 5th DCA 1983) (Under URESA the respondent court is free to enter a support award higher or lower than the original amount; however, this determination does not modify the initiating state's order).
Since Thompson recorded the New York divorce decree pursuant to sections 55.501-55.509, Florida Statutes (1995), and the trial court correctly determined the amount of arrears, Lorenzo's motion to dismiss and motion to vacate final money judgment were properly denied. The judgment appealed from is hereby affirmed.
FULMER, J., Concurs.
ALTENBERND, A.C.J., Concurs specially.
ALTENBERND, Acting Chief Judge, Concurring.
There can be little question that at least a portion of the $96,714.44 judgment for back child support in this case is a windfall for the mother. Mr. Lorenzo is caught in a procedural quagmire beyond the control of this court. I agree that the trial court's order must be affirmed, but for somewhat different reasons.
On November 26, 1996, after Ms. Thompson filed her action in Florida to record the foreign judgment, she obtained a final judgment in the amount of $96,714.44. Mr. Lorenzo was represented by counsel at that time, who had unsuccessfully filed an objection to the recordation of the foreign judgment on August 16, 1996. Mr. Lorenzo's former attorney filed an untimely motion for rehearing and then filed an untimely appeal to this court. That appeal was dismissed. See Lorenzo v. Thompson, 695 So.2d 705 (Fla. 2d DCA 1997) (unpublished table decision). As a result, in this current appeal we review an order denying a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540. On the basis of this record, I cannot conclude that the trial court committed reversible error by denying that motion.
If I were to reach the issue of the applicability of the Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B (1996), I am inclined to believe that this Act, which was in effect in the fall of 1996, could have been applied to give Mr. Lorenzo some relief. Subsection (f) of this Act, as amended effective August 22, 1996, provides that a trial court faced with enforcement of conflicting orders on child support must recognize and enforce the order of the court having continuing, exclusive jurisdiction under the Act. When Ms. Thompson requested entry of a final judgment, Florida had continuing, exclusive jurisdiction because neither the parties nor the child continued to reside in New York, and the Florida modification order was made consistent with the Act. See 28 U.S.C. § 1738B(c), (d), (e). We have recognized that this federal statute preempts state law. See Skladanuk v. Skladanuk, 683 So.2d 624 (Fla. 2d DCA 1996). In addition, other jurisdictions have concluded that the federal statute is appropriate for retrospective application. See In re Marriage of Yuro, 192 Ariz. 568, 968 P.2d 1053 (1998). Unfortunately, under *970 the circumstances of this appeal, this court is precluded from reaching the issue that might have resulted in relief for Mr. Lorenzo.
NOTES
[1] We affirm without specifically addressing the other issues raised by Lorenzo.
[2] This judgment was later reversed by a New York appeals court.
[3] Lorenzo argues that the New York decree was not a final judgment under the provisions of the Uniform Foreign Money Judgments Recognition Act, sections 55.601-55.607, Florida Statutes (1995). This argument is without merit because Thompson did not proceed under this act; the New York decree was recorded pursuant to sections 55.501, et seq.
[4] The anti-nullification provision of chapter 88 was repealed by the legislature effective July 1, 1997.