743 So.2d 1131 (1999)
DEPARTMENT OF REVENUE on Behalf of Marie E. SLOAN, Appellant,
v.
Robert E. SLOAN, Appellee.
No. 99-3.
District Court of Appeal of Florida, Fifth District.
September 17, 1999.
*1132 Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellant.
No Appearance for Appellee.
COBB, J.
The Department of Revenue (DOR) o/b/o Marie Sloan, mother, appeals from an order which determined a controlling child support order.[1]
On March 13, 1990, the State of Michigan filed a Uniform Reciprocal Enforcement of Support Act (URESA) petition with Florida authorities. Along with the petition, Michigan included a certified copy of a "Default Judgment of Divorce" entered in Michigan on December 21, 1987 wherein the father, Robert Sloan, was ordered to pay $128.54 per week support for his three minor children. The Michigan judgment of divorce reserved jurisdiction to interpret and enforce any and all provisions of the judgment. The URESA petition, alleging that the father currently resided in Marion County, Florida, sought to register the child support order incorporated in the dissolution decree and to collect arrearages.
On July 17, 1990, the Circuit Court of Marion County entered a IV-D[2] order for support. The order directed the father to pay $87.00 per week child support. The order also adjudicated an arrearage of $26,500 and ordered the father to pay $10.00 per week toward satisfaction of the arrearage.
On October 19, 1998, the DOR, pursuant to section 88.2071, Florida Statutes, filed a motion for determination of controlling child support order. The motion sought an adjudication as to which order, the Michigan or Florida order, is controlling. The trial court ruled that the Florida order is the controlling child support order because it is the latest order and was entered by a Florida judge who "made a considered decision as to what the appropriate child support should be." The court additionally ruled that all arrearages and ongoing support shall be calculated consistent with the terms of the Florida order. We find this to be error and reverse.
*1133 Florida has adopted the Uniform Interstate Family Support Act (UIFSA), Chapter 88, Florida Statutes.[3] The purpose of reciprocal acts such as the UIFSA and the URESA before it is to improve and extend by reciprocal legislation the enforcement of duties of support. See § 88.021, Fla. Stat. (1997).
The motion for determination of controlling child support order alleges that the mother and children reside in Michigan. The documents of record corroborate this allegation. The father currently resides in Marion County, Florida.
Section 88.2051, Florida Statutes, part of the UIFSA, provides in relevant part:
(1) A tribunal of this state issuing a support order consistent with the law of this state has continuing exclusive jurisdiction over a child support order:
(a) As long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; ....
Under the UIFSA, the tribunal of the state issuing the support order has continuing exclusive jurisdiction so long as the obligor, obligee or child remain a resident of that state. This is in keeping with the common law principle that a trial court generally retains jurisdiction to enforce its own orders. See In re Marriage of Hartman, 305 Ill.App.3d 338, 238 Ill.Dec. 645, 712 N.E.2d 367 (2 Dist.1999).
While it does not appear that Michigan has adopted the UIFSA, it has adopted the URESA. In State, Department of Health and Rehabilitative Services v. Franklin, 630 So.2d 661 (Fla. 2d DCA 1994), a situation similar to that involved here occurred except that the original support order was entered in Florida and the non-custodial parent (father) thereafter moved to Michigan. When the father failed to pay the court-ordered support the wife initiated a URESA action seeking to have Michigan, as responding state, enforce the father's duty. The Michigan court accepted jurisdiction and entered an order which reduced the father's support obligation. The Michigan order was never appealed and the father moved back to Florida. In 1991, the mother brought a contempt action in Florida for the father's failure to pay in accordance with the Florida support order. The trial court ruled that the Michigan order effectively modified downward the Florida support order so that any arrearage would be calculated on the basis of the Michigan order.
The Second District reversed, finding this contrary to section 88 .281, Florida Statutes, known as the anti-nullification statute.[4] The court noted that both Florida and Michigan adopted the URESA and that both the Florida and Michigan URSA provide that their courts cannot act in a URESA proceeding to "nullify" a support order made pursuant to any other law in any other state.
Just as the Michigan order in Franklin could not nullify the existing Florida judgment, the 1990 Florida order in the instant case could not nullify the Michigan judgment. Florida did not have subject matter jurisdiction to modify the Michigan judgment *1134 in 1990. Michigan's URESA petition merely asked Florida to register the Michigan order. The entry of the 1990 Florida child support order in an amount less than the Michigan judgment did not nullify the Michigan judgment.
The trial court erred in finding the 1990 Florida order controls. The court further erred in holding all arrearages and ongoing support should be calculated pursuant to the Florida order.
REVERSED AND REMANDED.
HARRIS and THOMPSON, JJ., concur.
NOTES
[1] This order, in determining that a modification occurred, is appealable. See State, Department of Health and Rehabilitative Services v. Franklin, 630 So.2d 661 (Fla. 2d DCA 1994).
[2] IV-D refers to the Child Support Enforcement Program operated pursuant to Title ID of the Social Security Act, 42 U.S.C. § 1302, et. seq.
[3] The UIFSA is the successor enforcement mechanism to the URESA and became effective July 1, 1997. See § 88.0011, Fla. Stat. (1997). See Department of Revenue v. Bander, 734 So.2d 1145 (Fla. 5th DCA 1999). This act applies to all proceedings for support or modification of support orders commenced on or after July 1, 1997.
[4] This statute, repealed with adoption of the UIFSA, provided:

A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state.