766 So.2d 247 (2000)
Barry Lee GROPPER, Petitioner,
v.
Donna Lynn GROPPER, Respondent.
No. 4D99-4209.
District Court of Appeal of Florida, Fourth District.
February 2, 2000.
Steven M. Stepper, West Palm Beach, for petitioner.
Roberta M. Deutsch, Boca Raton, for respondent.
PER CURIAM.
We grant the former husband's petition for writ of prohibition.
On his motion, the trial court should have dismissed the former wife's petition to modify the child support provisions of the parties' final judgment of dissolution,[1] entered on June 11, 1999, in Rhode Island, where the parties had their marital domicile, as neither party disputes that the former husband still resides in Rhode Island, and as the former wife did not demonstrate that both parties filed a *248 written consent in Rhode Island allowing the courts of Florida to modify the judgment and assume continuing exclusive jurisdiction over it. See 28 U.S.C.A. § 1738B; State, Dep't of Revenue By and On Behalf of Hylton v. Hylton, 703 So.2d 533 (Fla. 4th DCA 1997); Kramer v. Kramer, 698 So.2d 894 (Fla. 4th DCA 1997); State, Dep't of Revenue By and On Behalf of Jorda v. Fleet, 679 So.2d 326 (Fla. 1st DCA 1996).
On remand, the trial court is directed to grant the former husband's motion to dismiss for lack of jurisdiction.
PETITION GRANTED.
WARNER, C.J., DELL and STEVENSON, JJ., concur.
NOTES
[1] The former wife argues that the Rhode Island final judgment does not contain a child support order and, thus, her petition to modify, although so titled, is really a petition to establish child support in the first instance and, thus, is not subject to the Full Faith and Credit of Child Support Orders Act (the Act), 28 U.S.C.A. § 1738B. The final judgment reflected the suspension of a prior temporary order requiring the former husband to pay child support when the former wife had primary physical custody of both minor children of the marriage because, at the time of the final judgment, one child lived with each parent and the parties had substantially equivalent incomes. The final judgment also reflected the parties' agreement to recalculate child support and modify "this" agreement in the event circumstances changed; the former wife's petition for modification alleged just such a change, in that both children were now residing with the former wife, whose income allegedly now was substantially less than that of the former husband. We conclude that the Rhode Island final judgment contains a child support order within the meaning of the Act.