751 So.2d 1273 (2000)
DEPARTMENT OF REVENUE on Behalf of Cheryl CASCELLA, Appellant,
v.
Louis CASCELLA, Appellee.
No. 5D99-1198.
District Court of Appeal of Florida, Fifth District.
March 17, 2000.
*1274 Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellant.
No Appearance for Appellee.
W. SHARP, J.
The issue in this case is whether a 1994 Florida child support order controls Louis Cascella's child support obligations, as the trial court ruled, or whether a 1992 Connecticut judgment is controlling.[1] The trial court based its ruling on "laches," but there is no pleading or evidentiary hearing to support such a finding. Thus it cannot sustain the trial court's ruling. Under the facts of this case, we conclude that the Connecticut judgment is "controlling" and must be followed in future enforcement proceedings. Accordingly, we reverse and remand.
The record establishes that the Cascellas were residents of Connecticut when they obtained a divorce in 1992. Louis was ordered to pay child support for the parties' minor child in the amount of $125.00 per week. Following the divorce, Louis moved to Ocala, Florida. Cheryl *1275 and the parties' child have remained and still are residents of Connecticut.
In March of 1994, pursuant to a URSA[2] proceeding, the Department of Revenue filed an action against Louis in Florida to register the Connecticut support order and to hold Louis in contempt for failure to pay child support. On July 26, 1994, the Florida court ruled that Louis had the ability to pay child support, held him in contempt, and determined he was $8,055.00 in arrears. It also rendered an income deduction order enforcing the Connecticut support order.
On August 25, 1994, Louis filed a motion in open court seeking to modify his child support obligation. He alleged and filed an affidavit showing he had been earning $600.00 to $800.00 per week in Connecticut but since moving to Florida, he only earned $280.00 a week. Four days after this motion was filed, and based solely on this showing, the Florida court entered a modified IV-D order setting Louis' child support obligation at $60.00 per week, including fees and the arrearage. Apparently, no notice of the hearing was given to the Department of Revenue or Cheryl.
On February 24, 1999, the Department filed a motion in this proceeding to determine whether the Connecticut child support judgment or the 1994 URESA child support order was controlling, and which should be recognized pursuant to section 88.2071(2) of the Uniform Interstate Family Support Act (UIFSA). This statute provides in part:
(2) If a proceeding is brought under this act, and two or more child support orders have been issued by tribunals of this state or another state with regard to the same obligor and child, a tribunal of this state shall apply the following rules in determining which order to recognize for purposes of continuing, exclusive jurisdiction:
(a) If only one of the tribunals would have continuing, exclusive jurisdiction under this act, the order of that tribunal controls and must be so recognized.
Section 88.2051 of Florida's UIFSA defines continuing exclusive jurisdiction as:
(1) A tribunal of this state issuing a support order consistent with the law of this state has continuing exclusive jurisdiction over a child support order:
(a) As long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
(b) Until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing exclusive jurisdiction.
This statute became effective on July 1, 1997, in Florida and is part of Florida's Uniform Interstate Family Support Act, section 88.2011, et seq., which replaced URESA. § 88.0011, et seq. It applies to all proceedings for support or for modification of support orders, or proceedings for determination of parentage, commenced on or after that date. Ch. 96-189, § 13, Laws of Fla. Like Florida, Connecticut also had in place URESA,[3] which it replaced with the Uniform Interstate Family Support Act.[4] Pursuant to the UIFSA, it is clear that the Florida court lacks jurisdiction to modify the Connecticut child support judgment under the circumstances of this case.
In Department of Revenue ex rel. Sloan v. Sloan, 743 So.2d 1131 (Fla. 5th DCA 1999), this court held in a similar case that the foreign state's judgment was controlling. In Sloan, a father was ordered to pay $128.54 per week in child support pursuant to a Michigan divorce judgment. Thereafter, in 1990, a URESA proceeding was filed in Florida, and the Florida court ordered Sloan to pay $87.00 per week in child support. In 1998, the Department *1276 filed a motion to determine which child support order controlled. The trial court in that case ruled that the Florida order was controlling.
On appeal, this court held that the trial judge in Sloan erred in ruling the Florida order controlling. This court noted that Florida has adopted the UIFSA, and under that law, the tribunal of the state court originally issuing the support order has continuing exclusive jurisdiction to modify it so long as the obligor, obligee or child remain a resident of that state. Thus, Florida lacked jurisdiction under the UIFSA to modify the Michigan decree. At that point in time, Michigan had not adopted the UIFSA, but it had adopted URESA. This court also ruled in Sloan that pursuant to URESA, in Florida and Michigan, neither state court could "nullify" a support order made by another state. URESA section 88.281 provided as follows:
A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state.
In 1994, when this case arrived in Florida as a URESA proceeding, Florida lacked jurisdiction to modify the child support judgment of the foreign state; i.e., here Connecticut.[5] Pursuant to URESA proceedings, the person who owed child support could petition the court to reduce the amount of support which the Florida court would enforce or order to be paid.[6] However, Florida's reduced URESA support order in no way modified or affected the originating state's order. The person or child to whom support was awarded by the original state could continue to seek enforcement of the original decree in the originating state and other states, and arrearages continued to accrue under the originating state's decree.[7] The obligor obtained credit towards the originating decree for payments made under the Florida decree but unless Florida obtained personal jurisdiction over the persons seeking enforcement of the out-of-state judgment and provided due process, it could not constitutionally modify the original decree. State, Dept. of Health and Rehab. Services on Behalf of Carter v. Carter, 654 So.2d 267 (Fla. 2d DCA 1995).
Thus under state law, we conclude that should the Department seek to enforce Louis' child support obligation in this UIFSA proceeding, it may do so based on the Connecticut decree. The URESA proceeding in Florida did not modify the Connecticut decree. And, pursuant to the UIFSA, the Connecticut decree must now be enforced. In the interest of fairness, however, Louis should not retrospectively be held in contempt by the Florida court for not complying with the Connecticut decree, following the URESA order reducing his child support obligation. See Lorenzo v. Skowronski-Thompson, 738 So.2d 967 (Fla. 2d DCA 1999).
Although not addressed by the parties in this case, the Full Faith and Credit for Child Support Orders Act (FFCCSOA) (codified at 28 U.S.C.A. § 1738B) provides an additional basis for our decision. The federal act was passed by Congress in October of 1994one *1277 month after the Florida URESA child support order was rendered in this case. The act provides a uniform, bright-line test for determining which of many possible states, with arguable jurisdiction to modify a child support decree of another state, has jurisdiction to do so.[8] Like the UIFSA, it provides that a state court must recognize and enforce the child support decree of another state if that state remains the state of the child's residence, or that of any individual contestant unless each contestant has filed a written consent with the original state to allow modification by another state, or unless the order has been modified by the court of another state. 28 U.S.CA. § 1739B(d), (e) and (f)(2).
Cheryl and the parties' child have remained residents of Connecticut since the original judgment was rendered in Connecticut, and no written consents were filed there. Further, as concluded above, the Florida URESA decree rendered one month before the effective date of the federal statute, did not modify the Connecticut judgment. Thus, currently Florida lacks jurisdiction to modify the Connecticut judgment in this case,[9] and the Connecticut judgment is controlling under the federal statute for enforcement purposes, even though it is being applied to a child support judgment rendered before the effective date of the federal statute.[10]
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] This order is appealable. See Department of Revenue ex rel. Sloan v. Sloan, 743 So.2d 1131 (Fla. 5th DCA 1999); State, Dept. of Health & Rehab. Services v. Franklin, 630 So.2d 661 (Fla. 2d DCA 1994).
[2] § 88.011, et seq., Fla. Stat. (1993).
[3] Conn. Gen.Stat. § 46b-180, et seq.
[4] Conn. Gen.Stat. § 46b-212, et seq.
[5] Helmick v. Helmick, 436 So.2d 1122, 1124 (Fla. 5th DCA 1983) (Cowart, J. concurring); Wright v. Wright, 411 So.2d 1334 (Fla. 4th DCA 1982).
[6] §§ 88.081; 88.193, 88.271, Fla. Stat.; Florida Dept. of Health and Rehab. Services on Behalf of Ciferni v. Ciferni, 429 So.2d 92 (Fla. 2d DCA 1983).
[7] See State, Dept. of Health and Rehab. Services v. Franklin, 630 So.2d 661 (Fla. 2d DCA 1994); Ciferni.
[8] See In re Marriage of Yuro, 192 Ariz. 568, 968 P.2d 1053 (1998); In re Marriage of Lurie, 33 Cal.App.4th 658, 39 Cal.Rptr.2d 835 (1995); Day v. State Department of Social and Rehabilitation Services, 272 Mont. 170, 900 P.2d 296 (1995); DCSE-Jennings v. DeBussy, 707 A.2d 44 (Del.Fam.Ct.1997).
[9] See Gropper v. Gropper, ___ So.2d ___, 2000 WL 121810 (Fla. 4th DCA Feb.2, 2000).
[10] See Georgia Department of Human Resources v. Deason, 238 Ga.App. 853, 520 S.E.2d 712 (1999); Kramer v. Kramer, 698 So.2d 894 (Fla. 4th DCA 1997); DCSE-Jennings v. DeBussy, 707 A.2d 44 (Del.Fam.Ct. 1997); State, Department of Revenue on Behalf of Hylton, v. Hylton, 703 So.2d 533 (Fla. 4th DCA 1997); State, Department of Revenue on Behalf of Skladanuk v. Skladanuk, 683 So.2d 624 (Fla. 2d DCA 1996); State, Department of Revenue on Behalf of Jorda v. Fleet, 679 So.2d 326 (Fla. 1st DCA 1996); Isabel M. v. Thomas M., 164 Misc.2d 420, 624 N.Y.S.2d 356 (N.Y.Fam.Ct., 1995).