951 So.2d 928 (2007)
Marvin BERKMAN, Appellant,
v.
Judy BERKMAN, Appellee.
No. 3D05-2701.
District Court of Appeal of Florida, Third District.
February 28, 2007.
Alan R. Burton, Fort Lauderdale, for appellant.
*929 Bill McCollum, Attorney General, and William H. Branch, Assistant Attorney General, for appellee.
Before ROTHENBERG and LAGOA, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, Judge.
Marvin Berkman ("the father") appeals an order issued by the Miami-Dade circuit court ("circuit court") overruling the recommendations of the general master and ordering that he pay $17,383.21 in child support arrearages. We affirm.
This cause arises out of a Uniform Reciprocal Enforcement of Support Act ("URESA") proceeding initiated by the appellee, Judy Berkman ("the mother"), in Pennsylvania to enforce her Pennsylvania child support order against the father, who had moved to Florida.[1] URESA provides that a custodial parent may commence a URESA proceeding by filing a petition in the state where the custodial parent resides. After the judge determines the noncustodial parent's support obligations, the proceeding is certified to where the noncustodial (obligor) parent resides, upon which the responding state will issue an order enforcing the noncustodial parent's support obligation.
While the record is unclear as to when the original support order was issued, the record does reflect that in 1986, a judgment was issued in Pennsylvania ordering the father to pay $300 a month for child support and declaring the father to be in arrears in the amount of $4,150. This order was registered in Florida for enforcement on December 29, 1986. In July of 1988, the general master issued a report recommending that the father pay $300 a month for child support plus $150 a month towards the arrearages. This recommendation was ratified by the circuit court on September 15, 1988.
For the next ten years, the mother filed numerous motions and the circuit court issued various orders to enforce the Pennsylvania and Florida support orders. In 1989, the mother sought to have the father held in contempt of court for failing to meet his support obligations. While no modification was sought by the father, the hearing officer assigned to the case recommended that because the father had been unemployed for a year and was preparing to take his real estate examination, he not be held in contempt of court, and that he be ordered to pay $150 a month for child support and $75 a month towards the arrearages. On May 9, 1989, this recommendation was ratified by the circuit court. However, when the father failed to make any of the required payments in May or June, the mother again sought contempt. The circuit court did not hold the father in contempt of court, but once again ordered him to pay $150 a month in child support and $75 a month towards the $6,300 arrearages.
On June 18, 1994, the mother filed a petition in the circuit court, claiming that the father was still in arrears in the amount of $5,707.29 pursuant to the 1989 orders, and sought modification of the 1989 orders. In the petition, the mother claimed that the $150 a month child support ordered in the 1989 orders were scrivener's errors. The mother's argument was based upon the fact that the Pennsylvania judgment and the Florida orders predating 1989 all ordered the father to pay $150 per child for a total monthly *930 support obligation of $300, and then ordered an additional arrearages amount to be paid. The 1989 orders issued in response to the mother's motions to enforce the Pennsylvania support order and for contempt, however, only ordered $150 in child support without specifying that the child support obligation was being modified or making the requisite findings to modify the child support. Because there was no transcript for review, the circuit court denied the petition seeking a modification of its 1989 orders, but ordered that $400 a month be deducted from the father's income. In 1998, the court found the father to be in contempt of court for failing to make the requisite payments, and that he owed $15,950.19 in arrearages.
Thereafter, the mother filed a motion in Pennsylvania seeking enforcement of the 1986 Pennsylvania judgment requiring the father to pay $300 a month in child support and $150 a month towards the arrearages owed at that point. On July 9, 1999, the Pennsylvania court issued an order finding the father in arrears in the amount of $47,245.76, based upon the 1986 Pennsylvania judgment, along with interest on the delinquent payments. When the mother attempted to register the Pennsylvania order in Florida, the matter was referred to a general master, who concluded that since the father had now paid what was owing pursuant to the Florida orders, he owed nothing in child support, and denied registration of the new Pennsylvania order. On April 14, 2004, the circuit court ratified the general master's recommended order. However, based upon the exceptions subsequently filed by the Department of Revenue on October 20, 2005, the circuit court vacated its April 14, 2004 order, permitted registration of the Pennsylvania order, and found that the father owed $17,383.21 in child support arrearages.
The father appeals the circuit court's 2005 order finding him to be in arrears and ordering him to pay $17,383.21. While the 2005 circuit court order reduces the Pennsylvania court's order by deleting the amount attributable to a calculation of interest, the mother has not filed a cross-appeal. We, therefore, only address the issue before us and do not address whether the circuit court erred in failing to apply Pennsylvania law, which provides that unless otherwise stated, interest on a judgment shall be 6 percent a year, and that arrearages that accrue in a child support order constitutes a judgment as a matter of law.
Under URESA and pursuant to section 88.281, Florida Statutes (1986), the anti-nullification statute, courts cannot "nullify" a support order issued in another state. See Dep't of Revenue v. Sloan, 743 So.2d 1131, 1133-34 (Fla. 5th DCA 1999) (finding a Michigan URESA order registered in Florida did not confer subject matter jurisdiction upon the Florida court to modify the Michigan child support judgment; the Florida child support order in an amount less than the Michigan judgment did not nullify the Michigan judgment; and thus, the trial court erred in finding that the Florida order controlled and in holding that all arrearages and support be calculated pursuant to the Florida order); Lorenzo v. Skowronski-Thompson, 738 So.2d 967, 969 (Fla. 2d DCA 1999) (holding that pursuant to section 88.231, "a court in a URESA proceeding could change the amount the payor had to presently pay in support; but arrearages continued to accumulate at the rate designated in the original decree"); Dep't of Health & Rehabilitative Servs. v. Franklin, 630 So.2d 661, 662 (Fla. 2d DCA 1994) (finding that a support order issued in Florida under URESA and section 88.281 could not be nullified in another state operating under a similar act or law in that state, and that any amounts paid *931 for a particular period towards a support order issued in another state should be credited against the amounts accruing or accrued for the same period under the support order issued in Florida).
Both Florida and Pennsylvania adopted URESA and both state's statutes include an anti-nullification provision.[2] Thus, whether we treat the $150 monthly child support ordered by the circuit court in the two 1989 orders issued by the circuit court as scrivener's errors or as modifications, is of no consequence, because under URESA, while a respondent state court may order child support payments different from that ordered in the initiating state, the respondent state's order cannot and does not nullify the initiating state's judgment. Accordingly, the 1989 orders issued by the circuit court requiring the father to only pay $150 a month in child support did not modify the Pennsylvania child support judgment ordering $300 a month in child support.
We, therefore, conclude that the circuit court correctly found that the child support owed by the father in Pennsylvania continued to accrue in Pennsylvania notwithstanding any differing amount ordered by the circuit court, and since the Pennsylvania child support judgment was not modified or nullified, the amount of child support arrearages that accrued pursuant to that judgment were owed by the father and could be enforced in Florida through the registration process, less any credit for payments made by the father pursuant to the 1986 registration in Florida.
Affirmed.
NOTES
[1] URESA has been replaced in Chapter 88, Florida Statutes (1996), by the Uniform Interstate Family Support Act ("UIFSA"). UIFSA applies to all proceedings for support or modification of support orders, or proceedings for determination of parentage, commenced on or after July 1, 1997. Ch. 96-189, § 13, Laws of Fla. Because the modification actions in this case occurred prior to the effective date of UIFSA, UIFSA does not apply.
[2] The anti-nullification statute in Florida is found in section 88.281, Florida Statutes (1986), and in Pennsylvania in 23 Pennsylvania Consolidated Statutes Annotated section 4531.