802 So.2d 145 (2001)
Amos Stephen WATKINS, Jr., Appellant
v.
Susan Marie WATKINS, Appellee.
No. 2000-CA-01553-COA.
Court of Appeals of Mississippi.
December 18, 2001.
*146 Lawrence Primeaux, Meridian, for Appellant.
James A. Williams, Meridian, for Appellee.
Before McMILLIN, C.J., BRIDGES, and CHANDLER, JJ.
McMILLIN, C.J., for the Court.
¶ 1. Amos Watkins, after receiving a divorce from Susan Marie Watkins in the State of Georgia in August 1998, moved to Mississippi with the two minor children of the marriage. Mr. Watkins had received custody of the children in the Georgia divorce. The Georgia judgment of divorce further provided that Mrs. Watkins would pay no child support because of a finding of "special circumstances" within the meaning of the applicable Georgia statute, Section 19-6-15 of the Georgia Code Annotated. This statute provided presumptively-adequate amounts of child support based on the parent's income, but permitted variations from the guidelines on a finding that special circumstances suggested the inappropriateness of a strict application of those percentages. The judgment did, however, require Mrs. Watkins to be responsible for one-half of all future medical expenses for the minor children.
*147 ¶ 2. After moving to Clarke County with the two children, Mr. Watkins initiated a proceeding in the Clarke County Chancery Court in which he sought an order from that court compelling Mrs. Watkins to pay a reasonable sum of periodic child support and to cite Mrs. Watkins for contempt for her alleged failure to pay her pro rata share of certain medical expenses for the children. Mrs. Watkins was personally served with a summons in Mississippi when she was in the state on a visit.
¶ 3. Mrs. Watkins then filed a motion to dismiss the Clarke County proceeding based on lack of jurisdiction. The chancellor, finding that exclusive jurisdiction regarding matters for the support and maintenance of the minor children of the parties remained in the State of Georgia, granted Mrs. Watkins's motion and dismissed the proceeding. Mr. Watkins thereupon perfected this appeal in which he raises the issue that the chancellor was manifestly in error in failing to assume jurisdiction of the matter. The question of jurisdiction actually gives rise to two distinct questions: (a) Did the chancellor have authority to order Mrs. Watkins to begin to pay child support, and (b) did the chancellor have jurisdiction to enter a personal judgment against Mrs. Watkins for her alleged nonpayment of accrued medical expenses for the children?
¶ 4. Finding no error in the chancellor's determination, we affirm.

I.

Child Support
¶ 5. In order to resolve the issue of the courts of this state to enforce a child support obligation created by a court of another state, the Uniform Interstate Family Support Act as enacted in Mississippi must be consulted. Miss.Code Ann. §§ 93-25-1 to XX-XX-XXX (Supp.2001). That law provides, in part, that "[a] tribunal of this state shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to this chapter or to a law substantially similar to this chapter." Miss.Code Ann. § 93-25-17(4) (Supp.2001). Georgia has enacted the same uniform act, which provides, in part, that [a] tribunal in Georgia issuing a support order consistent with the law of Georgia has continuing, exclusive jurisdiction over a child support order "[a]s long as Georgia remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued...." Ga.Code. Ann. § 19-11-114 (2001).
¶ 6. In this case the evidence is undisputed that Mrs. Watkins, the obligor in regard to child support, remains a resident of the State of Georgia. Thus, any authority to alter or amend the judgment in regard to child support necessarily remains in the judicial system of that state. The chancellor's determination that she lacked jurisdiction finds specific support in the holding of the Mississippi Supreme Court in the case of Thrift v. Thrift, 760 So.2d 732, 735-36 (¶ 13-14) (Miss.2000).
¶ 7. Mr. Watkins seeks to take this case outside the uniform act by contending that the Georgia court, by entering a judgment omitting any requirement for periodic child support from Mrs. Watkins, had not assumed the necessary jurisdiction over the issue and that his proceeding in Clarke County was an original action permitted by Section 93-11-65 of the Mississippi Code. We reject that argument. By specifically addressing the issue of child support and finding that, due to special circumstances arising under Georgia law, no present amount of child support would be required of Mrs. Watkins, we conclude that the Georgia court effectively took jurisdiction of the issue of support. Additionally, *148 we note that, by statutory definition, a "support order" includes "a judgment ... for the benefit of a child ... which provides for monetary support, health care, arrearages or reimbursement...." Miss. Code Ann. § 93-25-3(u) (Supp.2001) (emphasis supplied). The provision of the Georgia judgment obligating Mrs. Watkins to contribute toward the health care costs of the children is, in itself, sufficient to characterize the Georgia judgment as one of those adjudications that, under the present factual situation, may only be altered by the courts of that state.

II.

Enforcement in Mississippi of the Medical Bills
¶ 8. Mr. Watkins alleges that, by registering the Georgia judgment in Mississippi under the uniform act, and by personally serving Mrs. Watkins with process in this state, he has succeeded in vesting the chancery court with the power to enforce accrued obligations whether or not the court has the power to alter any provisions of the foreign judgment. See Miss.Code Ann. § 93-25-85 (Supp.2001) ("A registered order issued in another state is enforceable in the same manner... as an order issued by a tribunal of this state."). Clearly, the provisions of the uniform act relating to registering support judgments from foreign jurisdictions were intended to cover those situations where the obligor has removed herself to another jurisdiction and made enforcement of the judgment difficult without the benefit of the judicial enforcement mechanisms of the courts of the obligor's new domicile. Even if we concede that a purely technical application of the statute's language would vest the chancellor with authority to enforce the Georgia judgment against a Georgia resident who happened to be personally served with process while temporarily in the state, we find ample authority for the chancellor to decline to exercise such an obviously-strained application of the law in the provisions of Section 93-25-37 of the Mississippi Code. This section provides as follows:
If a petition or comparable pleading is received by an inappropriate tribunal of this state, it shall forward the pleading and accompanying documents to an appropriate tribunal in this state or another state and notify the petitioner where and when the pleading was sent.
Miss.Code Ann. § 93-25-37 (Supp.2001).
¶ 9. In this case, the chancellor did not specifically comply with the provisions of this section in declining to consider Mr. Watkins's claim for past due medical bills; however, in the order of dismissal, the chancellor took specific note of the fact that the parties were already involved in litigation in the State of Georgia over a number of post-divorce issues. The obvious message to Mr. Watkins of those findings was the chancellor's determination which we find well within the exercise of her discretionary powersthat the State of Georgia was a more appropriate forum to resolve the dispute over the unpaid medical bills. The chancellor's failure to comply with the purely ministerial provisions of Section 93-25-37 does not, in the view of this Court, provide adequate ground to set aside the entirely appropriate underlying conclusion of the chancellor that the Chancery Court of Clarke County was "an inappropriate forum" to try this dispute. Miss.Code Ann. § 93-25-37 (Supp.2001).
¶ 10. THE JUDGMENT OF THE CHANCERY COURT OF CLARKE COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*149 KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.