BRIDGES, J.,
for the Court.
¶ 1. In April 16, 1988, the Chancery Court of Jackson County, Mississippi signed an order of filiation with provisions for visitation and child support that arose from a child the two had together. Williams applied to have James Smith pay for back child support and in 1992 a Fulton County Georgia office ordered Smith to pay child support arrears. On June 13, 2000 Williams filed a petition to cite Smith with contempt. The Jackson County Chancery Court ordered Smith to pay arrears for 1988 through 1992 but found that it lack jurisdiction for anything after 1992. Williams appeals the court’s finding that it lacked jurisdiction.
STATEMENT OF FACTS
¶2. On January 28, 1985, James E. Smith, Jr. and Wanda Williams had a son, James Edward Blakemore. At the time of birth, both parties resided in Jackson County, Mississippi. On April 15, 1988, the parties entered an “Agreed Order of Filiation” in the Chancery Court of Jackson County. The agreement included an *1116 amount the court required Smith to pay in child support of thirty-five dollars per week. The order also included provisions to raise the amount to forty dollars on the child’s sixth birthday and forty-five dollars on his twelfth birthday.
¶ 3. In May of 1991, Williams moved to Texas in order to attend law school and took the child with her. At no point while in Texas did Williams change her primary residence or register to vote in Texas. While in Texas, Smith failed to pay child support as ordered. At this time Smith had moved to Georgia. For that reason Williams used the Uniform Reciprocal Enforcement of Support Áct (URESA) to force Smith to comply by filing with an office in Austin, Texas. The Georgia Office of Ancillary Domestic Legal Services filed a URESA petition against Smith causing him to sign a temporary order agreeing to pay $100 a month in child support and $25 a month arrears payment.
¶ 4. On June 12, 2000, Williams filed a contempt motion against Smith for failure to pay child support. In 1997 Mississippi adopted the Uniform Interstate Family Support Act (UIFSA) replacing URESA. The chancery court found that it retained jurisdiction from April 15, 1988, through March 4, 1992. On that day the Superior Court of Fulton County in Atlanta, Georgia took jurisdiction of the parties pursuant to URESA. Furthermore, the chancery court found it lacked jurisdiction because Williams failed to follow the statutory provisions set forth pursuant to Mississippi Code Annotated § 93-25-83 which required Williams to register the Georgia orders for enforcement in Mississippi. Williams appealed this issue and Smith failed to supply a brief in support of the decision.
ANALYSIS
¶ 5. The courts scope of review is limited by the substantial evidence/ manifest error rule in domestic relations cases. Samples v. Davis, 904 So.2d 1061, 1064(¶ 9)(Miss.2004) “Our standard of review is clear. ‘Chancellors are vested with broad discretion, and this Court will not disturb the chancellor’s findings unless the court’s actions were manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard.’ ” Lowery v. Mardis, 867 So.2d 1053, 1057(¶ 15)(Miss.Ct.App.2004) quoting (Mixon v. Mixon, 724 So.2d 956, 959(¶ 8)(Miss.Ct.App.l998)). If the chancellor’s findings are supported by substantial evidence then the Court does not have the authority to change even if they would have ruled differently at trial. Smith v. Bell, 876 So.2d 1087, 1090(¶ 9)(Miss.Ct.App.2004). “An appellate court reviews jurisdictional issues de novo by examining the facts set out in the pleadings and exhibits to determine the propriety of the proceedings.” American Cable Corp. v. Trilogy Communications, Inc., 754 So.2d 545, 549(¶ 7)(Miss.Ct.App.2000). “Failure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error.” Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984)
¶ 6. Williams contends that the requirements of Mississippi Code Annotated § 93-25-83 merely create a framework for enforcing one State’s support order in another jurisdiction. Williams further argues that only the issuing state can modify the order as long as it maintains continuing exclusive jurisdiction. Williams cites to Mississippi Code Annotated § 93-25-17(1) that states, “A tribunal of this state that has issued a support order consistent with the law of this state has and shall *1117 exercise continuing, exclusive jurisdiction to modify its child support order if the order is the controlling order and ... or the child for whose benefit the support order is issued.”
¶ 7. However that same statute also states, “If a tribunal of another state has issued a child support order pursuant to this chapter or to a law substantially similar to this chapter which modifies a child support order of a tribunal of the state, tribunals of this state shall recognize the continuing, exclusive jurisdiction of the tribunal of the other state.” Miss.Code Ann. § 93-25-17(3). The chancery court found that the Georgia Superior Court issued an order and took exclusive jurisdiction and Mississippi courts accordingly should recognize the jurisdiction of the other state.
¶ 8. Williams cites to Thrift v. Thrift, 760 So.2d 732, 735(¶ 12) (Miss.2000) which states, “merely filing a URESA action in another state and participating in the URESA proceedings in the other state does not subject the Mississippi resident to the other state’s jurisdiction.” In Thrift, the court found that North Carolina never had jurisdiction to alter the order of child support and the orders entered in North Carolina were only effective in North Carolina. The Court based this on the fact that both the ex-wife and child remained in Mississippi and that the ex-wife never filed written consent to the North Carolina orders.
¶ 9. However, in this case, Smith has not filed to enforce the Georgia Superior Court’s order as in the Thrift case. Williams did not file written consent to the Georgia order but she did operate under its order for several years. Now, Williams seeks to undo the Georgia order and argues that it never had jurisdiction in the first place. The chancery court found that the Georgia court not only had jurisdiction at the time but retains jurisdiction to this day due to Williams failure to register the order in Mississippi to retain Mississippi’s jurisdiction.
¶ 10. In Watkins v. Watkins, 802 So.2d 145 (Miss.Ct.App.2001) the husband filed a petition in Mississippi pursuant to the UIFSA to modify and enforce a Georgia support order. Since the wife resided in Georgia the court determined that Georgia retained jurisdiction of the support order and affirmed the lower court’s dismissal for lack of jurisdiction. This case similarly involved a Georgia support order and a Mississippi petitioner. The party that the order demanded support from also still resides in Georgia leaving Georgia as the state with jurisdiction over the Georgia support order. Accordingly, the chancery court ruled correctly by determining that Mississippi lacked jurisdiction to hear Williams contempt order regarding anything after 1992.
¶11. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.