PATTI JANE DRAPER *vs.* ANDREW KEVIN BURKE.

Bristol. January 7, 2008. - February 15, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Divorce and Separation,* Child support. *Parent and Child,* Child support. *Jurisdiction,* Child support. *Uniform Interstate Family Support Act. Statute,* Federal preemption.

In an action by a wife for modification of a child support order issued by an Oregon court, the probate judge did not err in denying the motion of the husband, who now resided in Idaho, to dismiss for lack of subject matter jurisdiction, where although the Probate and Family Court lacked subject matter jurisdiction under G. L. c. 209D, § 6-611 (*a*) (1) (ii), to modify the Oregon judgment, in that the wife was a resident of Massachusetts [679-681], the Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B (2000), preempted that statutory limitation and conferred subject matter jurisdiction, because the issuing State (Oregon) no longer had continuing, exclusive jurisdiction over the matter; no other State had modified the Oregon judgment; the parties had not executed written consents to jurisdiction elsewhere; and the Probate and Family Court had personal jurisdiction over the husband [682-686].

This court rejected the suggestion, raised by the husband in an action by the wife for modification of a child support order issued by an Oregon court, that the wife seek modification of the Oregon court order in Idaho, the State in which the husband resided, where the wife (who resided with the couple's children in Massachusetts) had no contacts with that State that would allow the Idaho court to exercise personal jurisdiction over her, and where the option to consent to jurisdiction was similarly available to the husband in Massachusetts. [681-682]

COMPLAINTS to revise and alter a foreign decree filed in the Bristol Division of the Probate and Family Court Department on March 16, 1999, and December 20, 2004.

After consolidation, a motion to dismiss was heard by *Armand Fernandes, Jr.,* J., and the case was heard by him.

The Supreme Judicial Court granted an application for direct appellate review.

*Beth R. Levenson* for the defendant.

*Tamar E. Levy* for the plaintiff.

GREANEY, J. The defendant (husband) appeals from a Probate and Family Court order denying his motion to dismiss the plaintiff's (wife) complaint for modification of a child support order issued by an Oregon State court. His motion is based on a claimed lack of subject matter jurisdiction. We allowed the husband's application for direct appellate review. We conclude that the Probate and Family Court had subject matter jurisdiction and affirm the judgment.

The parties grew up in Massachusetts and, in 1980, were married in Amherst, living thereafter in Massachusetts for approximately ten years. During this time, they had two children: a daughter, born in 1985, and a son, born in 1987. In 1990, the family moved to New Mexico and, in 1993, to Oregon. The parties were divorced by judgment entered in the Circuit Court of the State of Oregon for the county of Washington (Oregon court) on August 15, 1997 (Oregon judgment). One month before entry of the Oregon judgment, in July, 1997, the wife returned with the children to Massachusetts, and they have continued to live in Massachusetts since that time. Also, in July, 1997, the husband moved to Idaho, where he currently resides.

The Oregon judgment awarded the parties shared legal custody of the children and gave the wife physical custody of the children with reasonable visitation to the husband. The Oregon judgment established the husband's child support obligation at $750 per month, payable to the wife, and provided that the husband's child support obligation would continue "for so long as said child is under the age of eighteen (18) and thereafter for so long as said child is under the age of twenty one (21) and is a 'child attending school [under Oregon law].' " The issue of college expenses for the children was not addressed in the Oregon judgment, but the parties intended to share those expenses.

In March, 1999, and in December, 2004, the wife filed complaints in the Probate and Family Court to revise and amend the Oregon judgment with respect to the provision of child support, seeking, ultimately, contribution by the husband to the children's college expenses.[1] The complaints for modification were consolidated, and the husband moved to dismiss them on the ground

---

[1] The wife also filed, in March, 1999, a complaint to enforce a foreign judgment for nonpayment of child support. In that complaint, the wife alleged that

that the Probate and Family Court lacked subject matter jurisdiction to modify the Oregon judgment.[2] He argued that dismissal was required because, under G. L. c. 209D, § 6-611 (*a*) (1), of the Legislature's adoption of the 1992 version of the Uniform Interstate Family Support Act (UIFSA), 9 (Part IB) U.L.A. 513 (Master ed. 2005), a Massachusetts court may modify a child support order issued by another State only in circumstances where the person seeking modification is a "nonresident" of the Commonwealth. Because the wife resides in Massachusetts, the husband maintains that the Probate and Family Court lacks subject matter jurisdiction to adjudicate the wife's complaint for modification.

A judge in the Probate and Family Court denied the husband's motion to dismiss, entering a temporary order modifying the husband's child support obligation to $490 per week, and scheduling the case for trial. Following trial, judgment entered. Based on the facts that the children now were faced with college expenses and the husband's income had "increased substantially," the judge determined that a material and substantial change in circumstances had occurred that warranted modification of the Oregon judgment. The judge ordered that the husband's child support obligation be reduced to $250 per week; that the husband reimburse the wife for one-half of the children's college expenses paid to date by the wife; and that the husband pay forty per cent of the children's college expenses going forward. The judge further directed that, if the husband failed to reimburse the wife for his one-half of the children's college expenses paid to date by the wife, retroactive child support would be due and payable from December, 2004, at the rate of $490 per week. The husband made no payments toward the children's educational expenses pursuant to the judgment, and his child support obligation was subsequently increased to $490 per week, retroactive to December, 2004.

the husband "on various occasions . . . unilaterally, and without authority or agreement, deduct[ed] various amounts from the payment of child support [and] the [husband] has asserted, without right or authority, that he is entitled to a refund of marital funds disbursed pursuant to the [d]ivorce [j]udgment."

[2]Prior to filing the motion to dismiss for lack of subject matter jurisdiction, the husband filed motions to dismiss for lack of personal jurisdiction, which were denied. The husband no longer challenges the existence of personal jurisdiction.

The husband filed a notice of appeal from both the underlying judgment and the judge's order denying his motion to dismiss for lack of subject matter jurisdiction. His motions to stay proceedings and to obtain interlocutory review of the denial of his motion to dismiss for lack of subject matter jurisdiction were denied. The issue before us concerns the denial of the husband's motion to dismiss the wife's complaint because of his claim that subject matter jurisdiction was not present.

1. a. The wife does not dispute that the Probate and Family Court lacks subject matter jurisdiction under G. L. c. 209D, § 6-611 (*a*) (1), to modify the Oregon judgment. In 1995, the Legislature enacted G. L. c. 209D, adopting the original 1992 version of UIFSA.[3] See St. 1995, c. 5, § 87. See also *Child Support Enforcement Div. of Alaska* v. *Brenckle*, 424 Mass. 214, 217-218 (1997). "UIFSA aims to cure the problem of conflicting support orders entered by multiple courts, and provides for the exercise of continuing, exclusive jurisdiction by one tribunal over support orders." *Id.* at 218. "Under UIFSA, once one court enters a support order, no other court may modify that order for as long as the obligee, obligor, or child for whose benefit the order is entered continues to reside within the jurisdiction of that court unless each party consents in writing to another jurisdiction."[4] *Id.* See UIFSA (2001) § 205, *supra* at 192.

Under G. L. c. 209D, the conditions for modifying another

[3]The Legislature's adoption of the 1992 version of the Uniform Interstate Family Support Act (UIFSA) replaced the Uniform Reciprocal Enforcement of Support Act (URESA), which was codified at G. L. c. 273A and repealed by St. 1995, c. 5, § 105. The adoption of UIFSA was mandated by Federal law, see 42 U.S.C. § 666(f) (2000), in order for States to receive Federal funding for aid to families with dependent children. See *Child Support Enforcement Div. of Alaska* v. *Brenckle*, 424 Mass. 214, 217 n.5 (1997). UIFSA has twice been amended, in 1996 and again in 2001. See UIFSA (2001), 9 (Part IB) U.L.A. 254 (Master ed. 2005); UIFSA (1996), *supra* at 442. In the prefatory note of the 2001 UIFSA, the drafters explain that "[n]one of the amendments . . . make a fundamental change in the policies and procedures [previously] established," and that, "although two sets of amendments have been propounded since the initial 1992 version of UIFSA, its basic principles have remained constant." Prefatory note to UIFSA (2001), *supra* at 162.

[4]One other provision for jurisdiction applies when all the parties have left the jurisdiction of the court that entered the child support order and currently reside in the same new State. See UIFSA (2001) § 613, *supra* at 261. These two exceptions are not implicated in this case.

State's child support order, after notice and a hearing, appear in § 6-611 and provide, in pertinent part:

"(a) After a child support order issued in another state has been registered in the commonwealth, the responding tribunal of the commonwealth may modify that order only if . . . it finds that:

"(1) the following requirements are met:

"(i) the child, the individual obligee, and the obligor do not reside in the issuing state;

"(ii) a petitioner who is a nonresident of the commonwealth seeks modification; and

"(iii) the respondent is subject to the personal jurisdiction of the tribunal of the commonwealth."[5],[6]

General Laws c. 209D, § 6-611 (a) (1) (i) - (iii), essentially mirrors that appearing in § 611 (a) (1) (i) - (iii) of the 1992, 1996, and 2001 versions of UIFSA. See UIFSA (2001), *supra* at 254; UIFSA (1996), *supra* at 442; UIFSA (1992), *supra* at 513.

Here, the wife is a resident of Massachusetts and cannot satisfy the second prong of the test in § 6-611 (a) (1), namely, being "a petitioner who is a nonresident of the commonwealth." The comment to the corresponding section of the 1992 UIFSA makes clear that this requirement applies to both an obligee and an obligor, and provides:

"This [requirement] contemplates . . . that the obligee may seek modification in the obligor's state of residence,

---

[5]Various terms used in G. L. c. 209D, § 6-611, are defined in G. L. c. 209D, § 1-101.

[6]General Laws c. 209D, § 6-611 (a) (2), provides an alternative basis for conferring subject matter jurisdiction to modify a child support order of another State. Pursuant to § 6-611 (a) (2), a Massachusetts court must find that "the child, or a party . . . is subject to the personal jurisdiction of the tribunal of the commonwealth and each of the parties . . . has filed a written consent in the issuing tribunal for a tribunal of the commonwealth to modify the support order and assume continuing, exclusive jurisdiction over such order." This clause is not implicated in this case.

> or that the obligor may seek a modification in the obligee's state of residence. This restriction attempts to achieve a rough justice between the parties in the majority of cases by preventing a litigant from choosing to seek modification in a local court to the marked disadvantage of the other party."

Comment to UIFSA (1992) § 611, *supra* at 515. The comment to the 2001 UIFSA further states, with an analogy to a sporting event:

> "A colloquial (but easily understood) description of [the] requirement is that the modification movant must 'play an away game on the other party's home field.' This rule applies to either obligor or obligee, depending on which of those parties seeks to modify."

Comment to UIFSA (2001) § 611, *supra* at 256.

b. The husband's proposed resolution of the jurisdiction issue is for the wife to seek modification in Idaho. This option is more convenient practically and economically for him, but the proposal ignores the fact that the wife has no contacts with Idaho and that an Idaho court would not be able to exercise personal jurisdiction over her. The fact that the wife could consent to jurisdiction in Idaho is an option similarly available to the husband in Massachusetts pursuant to G. L. c. 209D, § 6-611 (*a*) (2), see note 6, *supra*. The Oregon judgment does not address the issue of college expenses and the parties stipulated that they always intended to contribute toward those expenses. In these circumstances, "rough justice" does not require that the wife seek formal modification to ensure that the children receive college expenses. The wife's hand was compelled to seek modification because the children were ready to attend college and the husband had made no contributions toward their college expenses.[7] Because none of the parties or children resides in Oregon, an Oregon court has no subject matter juris-

---

[7]The wife makes no argument that, because the Oregon judgment is silent on the issue of payment for college expenses and because both parties agree that they have an obligation to contribute to these expenses, the husband should also be viewed as a "petitioner" who seeks modification. Cf. *Department of Human Servs.* v. *Jacoby*, 975 P.2d 939, 945 (Utah Ct. App. 1999) (viewing husband respondent in enforcement action as "petitioner" who seeks

diction over the modification. See comment to UIFSA (2001) § 205, *supra* at 194 (stating that once obligor, obligee, and child have permanently left issuing State, that State no longer has appropriate nexus with parties or child to exercise continuing, exclusive jurisdiction to modify existing court order, and noting that issuing tribunal has no current information about parties and that taxpayers of State have no reason to expend public funds on adjudication). See also *Linn* v. *Delaware Child Support Enforcement*, 736 A.2d 954, 962 (Del. 1999).

2. We come then to the crux of the case — whether, as the wife contends, G. L. c. 209D, § 6-611 (*a*) (1) (ii), does not bar her complaint for modification because that statutory limitation is preempted by the Full Faith and Credit for Child Support Orders Act, codified at 28 U.S.C. § 1738B (2000) (Federal act).[8] See *California Fed. Sav. & Loan Ass'n* v. *Guerra*, 479 U.S. 272, 281 (1987) (explaining Federal law may preempt State law where conflict exists between them). Preemption is proper, the wife argues, because the Federal act does *not* contain the "nonresident" petitioner requirement that appears in all versions of § 611 of UIFSA and in G. L. c. 209D, § 6-611 (*a*) (1) (ii).

Some background concerning the Federal act is in order. The Federal act was passed in 1994 and was intended "(1) to facilitate the enforcement of child support orders among the States; (2) to discourage continuing interstate controversies over child support in the interest of greater financial stability and secure family relationships for the child; and (3) to avoid jurisdictional competition and conflict among State courts in the establishment of child support orders." Pub. L. 103-383, § 2(c), 108 Stat. 4063, 4064 (1994). Congress expressly found that the lack of uniformity of laws regarding determining authority to establish (and modify) child support orders

"(A) encourage[s] noncustodial parents to relocate

---

modification in light of his request for reduction in child support, and court found, based on his residence in State where modification was requested, no subject matter jurisdiction under UIFSA).

[8]The case of *Peddar* v. *Peddar*, 43 Mass. App. Ct. 192, 193 n.2, 195-196 (1997), in which the issue of preemption was avoided, is distinguishable because the husband continued to reside in the issuing State, which, therefore, never lost continuing, exclusive jurisdiction.

outside the States where their children and the custodial parents reside to avoid the jurisdiction of the courts of such States, resulting in an increase in the amount of interstate travel and communication required to establish and collect on child support orders and a burden on custodial parents that is expensive, time consuming, and disruptive of occupations and commercial activity;

"(B) contribute[s] to the pressing problem of relatively low levels of child support payments in interstate cases and to inequities in child support payment levels that are based solely on the noncustodial parent's choice of residence;

"(C) encourage[s] a disregard of court orders resulting in massive arrearages nationwide;

"(D) allow[s] noncustodial parents to avoid the payment of regularly scheduled child support payments for extensive periods of time, resulting in substantial hardship for the children for whom support is due and for their custodians; and

"(E) lead[s] to the excessive relitigation of cases and to the establishment of conflicting orders by the courts of various jurisdictions, resulting in confusion, waste of judicial resources, disrespect for the courts, and a diminution of public confidence in the rule of law."

*Id.* at 4063-4064.

As such, the Federal act obligates States to enforce child support orders issued by another State, and imposes limitations on a State's authority to modify child support orders issued by another State. See 28 U.S.C. § 1738B(a). Regarding modification, insofar as relevant here, the Federal act provides:

"A court of a State may modify a child support order issued by a court of another State if —

"(1) the court has jurisdiction to make such a child support order pursuant to subsection (i); and

"(2)(A) the court of the other State no longer has continuing, exclusive jurisdiction of the child support

> order because that State no longer is the child's State
> or the residence of any individual contestant . . . ."

*Id.* at § 1738B(e). Title 28 U.S.C. § 1738B(i), in turn, provides:

> "If there is no individual contestant or child residing in
> the issuing State, the party or support enforcement agency
> seeking to modify, or to modify and enforce, a child sup-
> port order issued in another State shall register that order
> in a State with jurisdiction over the nonmovant for the
> purpose of modification."

These provisions of the Federal act confer subject matter jurisdiction in Massachusetts because the issuing State, Oregon, no longer has continuing, exclusive jurisdiction (because the wife, husband, and children no longer reside in Oregon); no other State has modified the Oregon judgment; the parties have not executed written consents to jurisdiction elsewhere; and the Probate and Family Court has personal jurisdiction over the husband.

We reject the husband's arguments to the contrary. Relying on cases from other jurisdictions, see, e.g., *Gentzel* v. *Williams*, 25 Kan. App. 2d 552, 559-560 (1998); *LeTellier* v. *LeTellier*, 40 S.W.3d 490, 496 (Tenn. 2001), he suggests that preemption is avoided because the Federal act may be construed in a way to avoid conflict with UIFSA. More particularly, he contends, the term "jurisdiction" in 28 U.S.C. § 1738B(i) is ambiguous and may be interpreted to include both personal jurisdiction and subject matter jurisdiction, the latter issue then being governed by G. L. c. 209D, § 6-611 (*a*) (1). Under such a construction, because a Massachusetts court would not have (pursuant to G. L. c. 209D, § 6-611 [*a*] [1] [ii]) subject matter jurisdiction to modify the Oregon judgment, Massachusetts would not have "jurisdiction over the nonmovant for the purpose of modifica-tion" under 28 U.S.C. § 1738B(i). The husband maintains that such an interpretation would further the purpose of the Federal act to have uniformity with respect to jurisdiction over child support orders.

The husband's argument overlooks the fact that the term "juris-diction" cannot be read in isolation, and when read in context, "jurisdiction over the nonmovant" is not ambiguous. Jurisdiction

extended over a "nonmovant" is jurisdiction over a person and constitutes personal jurisdiction. The jurisdiction contemplated under 28 U.S.C. § 1738B(i) is personal jurisdiction and not subject matter jurisdiction.

This construction does not, as suggested by the husband, defeat the purpose of the Federal act to avoid jurisdictional competition and conflict among State courts with respect to the modification of child support orders. Because the Oregon court lacks jurisdiction to modify its judgment to add a provision for payment of college expenses, there is no competition or conflict with the Oregon court. Because the Oregon judgment is silent on the topic, an order issued by the Probate and Family Court will not disrupt the Oregon judgment in any way.

Additionally, concern over jurisdictional competition and conflict was not the sole purpose motivating the Federal act. The decisions on which the husband relies do not account for the fact that the Federal act has as an important purpose of "discourag[ing] continuing interstate controversies over child support in the interest of *greater financial stability* and secure family relationships *for the child*" (emphasis added). Pub. L. 103-383, § 2(c)(2), 108 Stat. 4063, 4064 (1994). Further, Congress's express findings manifest concern for the "burden on *custodial parents* that is expensive, time consuming, and disruptive of occupations and commercial activity" and the situation where the "nonconstodial parents avoid the payment . . . resulting in substantial hardship for *the children*" (emphasis added). *Id.* at 4063. When viewed in context with these express purposes and findings, application of the "nonresident" petitioner requirement would create an obstacle to the execution of the objectives of Congress. Preemption is clearly appropriate in these circumstances. See *Hines* v. *Davidowitz*, 312 U.S. 52, 67 (1941).

In summary, forcing the wife to litigate in Idaho would unreasonably burden her because her income is substantially less than the husband's and her economic resources most likely have been diminished by paying for college expenses of the children without benefit of contribution by the husband. The Federal act intends to protect the children because they ultimately will suffer (or potentially suffer) the most for the husband's

insistence on a jurisdictional measure of convenience. Preemption is required by reason of actual conflict between State and Federal law and to implement the clear objectives of the Federal act. The husband's motion to dismiss was properly denied.

*Judgment affirmed.*