987 So.2d 209 (2008)
Gerald H. TRISSLER, Jr., Appellant,
v.
Maria Patricia TRISSLER, Appellee.
No. 5D07-3148.
District Court of Appeal of Florida, Fifth District.
July 25, 2008.
Diane L. Paull, of Simpson & Paull, P.L., Jacksonville Beach, for Appellant.
Karen Adams Foxman, of Rice & Rose, P.A., Daytona Beach, for Appellee.
ORFINGER, J.
The former husband, Gerald H. Trissler, Jr., appeals the dismissal of his supplemental petition for modification of child support. He argues that the court erred by concluding that it lacked jurisdiction to enforce or modify child support orders arising from the parties' Pennsylvania divorce. We agree and reverse.
The former husband and the former wife, Maria P. Trissler, resided in Pennsylvania during the marriage. Although none of the parties or their children Continued to reside in Pennsylvania after their divorce became final in October 2003, the parties continued to litigate child support issues in Pennsylvania, and a final order of support was entered by the Pennsylvania domestic relations court in May 2005.
In April 2007, the former husband filed a Uniform Interstate Family Support Act ("UIFSA") Registration Packet with the Flagler County court, seeking to have the Flagler County circuit court register the Pennsylvania child support order under the UIFSA. The former wife and children were then residing in Flagler County, Florida, while the former husband lived in Oregon. At a hearing on the motion, the Flagler County court was advised that the Pennsylvania court continued to issue child support enforcement orders. The court also learned that the former wife and the children had moved to Maryland after the *210 UIFSA registration packet was filed. The trial court concluded that since Pennsylvania was still issuing enforcement orders, Florida had no jurisdiction to proceed.
The jurisdiction issue can be resolved by considering the UIFSA and the federal Full Faith and Credit Child Support Order Act ("FFCCSOA"), as amended in 1996. The FFCCSOA creates a framework for dealing with foreign support orders to determine which order controls, and requires that such orders be given full faith and credit by all states. See 28 U.S.C. § 1738B (2007). The FFCCSOA is binding on all states and supersedes any inconsistent provisions of state law. Kelly v. Otte, 123 N.C.App. 585, 474 S.E.2d 131, 134 (1996). The FFCCSOA is virtually identical to the UIFSA,[1] adopted in Florida as chapter 88, Florida Statutes, both in terms of structure and intent. See 28 U.S.C. § 1738B; §§ 88.0011-.9051, Fla. Stat. (2007). Both the FFCCSOA and the UIFSA grant "continuing, exclusive jurisdiction" concerning a child support order to the state issuing the order. See 28 U.S.C. § 1738B(d); § 88.2051(1), Fla. Stat. (2007). But, the issuing state loses such jurisdiction when neither the child nor any of the parties continue to reside in the state or when all of the parties file written consents with the issuing court to allow another state to assume continuing, exclusive jurisdiction over the order, despite the parties' state of residence. See 28 U.S.C. § 1738B(e)(2)(A) & (B);[2] § 88.2051, Fla. Stat. (2007);[3]see also Gropper v. Gropper, 766 So.2d 247 (Fla. 4th DCA 2000); State, Dep't of Rev. ex rel. Hylton v. Hylton, 703 So.2d 533 (Fla. 4th DCA 1997); Kramer v. Kramer, 698 So.2d 894 (Fla. 4th DCA 1997); State, Dep't of Rev. ex rel. Skladanuk *211 v. Skladanuk, 683 So.2d 624 (Fla. 2d DCA 1996); State, Dep't of Rev. ex rel. Jorda v. Fleet, 679 So.2d 326 (Fla. 1st DCA 1996). In this case, it is undisputed that none of the parties or the children have resided in Pennsylvania since 2001. As a result, Pennsylvania lost "continuing, exclusive jurisdiction" over the child support matter.
Still, the Flagler County court did not automatically obtain jurisdiction to modify the Pennsylvania order. See 28 U.S.C. § 1738B(i); § 88.6091, Fla. Stat. (2007). The FFCCSOA provides that, "[i]f there is no individual contestant or child residing in the issuing [s]tate, the party or support enforcement agency seeking to modify, or to modify and enforce, a child support order issued in another [s]tate shall register that order in a [s]tate with jurisdiction over the nonmovant for the purpose of modification." 28 U.S.C. § 1738B(i); see 28 U.S.C. § 1738B(e)(1). Likewise, the UIFSA provides that "[a] party or support enforcement agency seeking to modify, or to modify and enforce, a child support order issued in another state shall register that order in this state in the same manner provided in ss. 88.6011-88.6041 if the order has not been registered." § 88.6091, Fla. Stat. (2007); see also 23 Pa. Cons.Stat. § 7609 (2007).
Florida, as the non-issuing state, is authorized to modify the Pennsylvania child support order only if it is properly registered here. 28 U.S.C. § 1738B(i);[4] § 88.6091, Fla. Stat. (2007). The procedure for registering another state's order so that it may be modified in Florida is the same as that for enforcement of an order. § 88.6091, Fla. Stat. (2007). Under section 88.6021, Florida Statutes (2007), a child support order of another state may be registered in Florida by sending two copies of the order, one of them certified, to the appropriate Florida court with a letter of transmittal requesting registration and enforcement. § 88.6021(1)(a)-(b), Fla. Stat. (2007). The orders and letter must be accompanied by a sworn or certified statement showing the amount of any arrearage and information to identify the obligor and the means by which the order may be enforced against him or her, the obligee, and the agency or person to whom support payments are to be remitted. § 88.6021(1)(c)-(e), Fla. Stat. (2007). An order is deemed registered when it is filed in the Florida court and is enforceable in the same manner as a Florida order. § 88.6031(1)(a)-(b), Fla. Stat. (2007). The non-registering party then has twenty days to request a hearing to contest the registration of an order, the remedies sought, or the amount of any alleged arrearage, or to assert any defense to alleged noncompliance with the order. § 88.6061(1), Fla. Stat. (2007).
In this case, the former husband filed a UIFSA registration packet on April 18, 2007, with the Flagler County court, which included a sworn letter of transmittal requesting registration of the Pennsylvania child support order issued on May 26, 2005; two certified copies of the May 26, 2005, Pennsylvania child support order; interim child support orders of the court; and information that identified arrearages and all of the parties and agencies involved. The former husband also moved to register the Pennsylvania child support order under the UIFSA on May 14, 2007. Under section 88.6031, the Pennsylvania child support order was enforceable as a Florida order as of the date of its filing, on April 18, 2007. However, the procedural *212 steps do not end there, because while a Florida court may enforce a child support order registered for modification, it may not necessarily have jurisdiction to modify it. §§ 88.6101, 88.6111, Fla. Stat. (2007).
Under section 88.6111, if all of the individual parties reside in Florida and the child does not reside in the issuing state, Florida may modify the order. § 88.6111(1), Fla. Stat. (2007); see also § 88.6131, Fla. Stat. (2007). However, as is the case here, when not all of the parties reside in Florida, a Florida court may only modify the order under one of the following circumstances:
1. After notice and hearing the tribunal finds that
a. the child, individual obligee, and obligor do not reside in the issuing state;
b. the petitioner seeks modification and is not a Florida resident; and
c. the Florida tribunal has personal jurisdiction over the respondent.
2. The tribunal finds that it has personal jurisdiction over an individual party or the child and that all of the individual parties have filed a consent in the issuing tribunal to the Florida tribunal's modifying the support order and assuming continuing exclusive jurisdiction over it.
See § 88.6111(1), Fla. Stat. (2007). The first circumstance applies in this case. It is undisputed that none of the parties or the children continue to reside in Pennsylvania; the petitioner, the former husband, is not a Florida resident; and the Florida court had personal jurisdiction over the former wife, the respondent, because she and the children lived in Flagler County at the time that the UIFSA registration packet was filed. Thus, under section 88.6111(1)(a), Florida Statutes (2007), the Florida court had personal and subject matter jurisdiction to modify the Pennsylvania child support order.[5] Although, the former wife left Florida with the minor children after the UIFSA registration packet was filed, neither the former husband nor the former wife and children ever again resided in Pennsylvania, nor did the former husband consent to Pennsylvania re-assuming exclusive jurisdiction. Consequently, Florida had subject matter jurisdiction to modify the Pennsylvania child support order and the court erred in dismissing the matter. As a result, we reverse and remand this matter for further proceedings. In doing so, we express no opinion as to the preclusive effect of prior orders entered by the Pennsylvania court.
REVERSED AND REMANDED.
TORPY and COHEN, JJ., concur.
NOTES
[1] The UIFSA applies to all proceedings for support, modification of support orders, or determination of parentage, commenced on or after July 1, 1997. Ch. 96-189, § 13, Laws of Fla. As part of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, the federal government required all states to enact UIFSA by January 1, 1998. See 42 U.S.C. § 666(f) (1996). By the year 2000, the UIFSA was in effect in all states. See Patricia W. Hatamyar, Interstate Establishment, Enforcement, and Modification of Child Support Orders, 25 Okla. City U. L. Rev. 511, 512 (2000). Relevant to this case, Pennsylvania adopted the UIFSA in Title 23, chapter 71 of the Pennsylvania Consolidated Statutes. See 23 Pa. Cons.Stat. §§ 7101-7901 (1998); Sheetz v. Sheetz, 840 A.2d 1000, 1002 (Pa.Super.Ct.2003) (recognizing that Pennsylvania's adoption of the UIFSA became effective in January 1998).
[2] In particular, 28 U.S.C. § 1738B(e) provides in relevant part:

(e) Authority to modify orders.  A court of a State may modify a child support order issued by a court of another State if 
(1) the court has jurisdiction to make such a child support order pursuant to subsection (i); and
(2)(A) the court of the other State no longer has continuing, exclusive jurisdiction of the child support order because that State no longer is the child's State or the residence of any individual contestant; or
(B) each individual contestant has filed written consent with the State of continuing, exclusive jurisdiction for a court of another State to modify the order and assume continuing, exclusive jurisdiction over the order.
[3] Specifically, section 88.2051(1), Florida Statutes, provides in pertinent part:

88.2051. Continuing exclusive jurisdiction
(1) A tribunal of this state issuing a support order consistent with the law of this state has continuing exclusive jurisdiction over a child support order:
(a) As long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
(b) Until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing exclusive jurisdiction.
See also 23 Pa. Cons.Stat. § 7205(a)(1)-(2) (2007) (stating same).
[4] The jurisdiction contemplated under 28 U.S.C. § 1738B(i) is personal jurisdiction and not subject matter jurisdiction. Draper v. Burke, 450 Mass. 676, 881 N.E.2d 122, 128 (2008).
[5] The parties entered into an agreed order consenting to Florida's jurisdiction to resolve all issues involving the minor children. However, the written consent was not filed with the Pennsylvania court, the original issuing state court, as required for the Florida court to modify the order and assume continuing, exclusive jurisdiction and enforcement. Therefore, it does not constitute a "written consent" as provided in the FFCCSOA and the UIFSA.