WALLIS, J.
Appellant, Gabriela Arquette (“Mother”), appeals the denial of her motion to vacate the trial court’s order, which domesticated and modified a California child support order. Mother argues that the trial court lacked subject matter jurisdiction to modify the child support order because neither she nor the child reside in Florida. We agree and reverse.
Mother and her former husband, Derrik Rutter (“Father”), married in Florida, where one child was born on September 4, 2000. Shortly thereafter, the parties relocated to California with the child. On October 8, 2005, Mother obtained a final judgment of divorce — which included the child support order — from a California court. In 2005, Father returned to Florida, where he continues to reside. Mother and the child relocated to Georgia in 2007, where both currently reside.
On April 1, 2008, Father filed a petition to domesticate the California judgment and modify the child support order. On March 23, 2009, the trial court granted Father’s petition, domesticated the California judgment, and modified the child support order. On May 30, 2012, Mother filed a motion to vacate the trial- court’s order, contending that the trial court lacked both personal and subject matter jurisdiction under the federal Full Faith and Credit for Child Support Orders Act (“FFCCSOA”), 28 U.S.C. § 1738B (2012),[1] and Florida’s Uniform Interstate Family Support Act (“UIFSA”), section 88.6111, Florida Statutes (2012).[2] After a hearing, the trial *1261 court denied Mother’s motion to vacate. This appeal followed.
This court recently explained the circumstances, under the UIFSA, in which a Florida court may modify a child support order issued in another state:
[A]s is the case here, when not all of the parties reside in Florida, a Florida court may only modify the order under one of the following circumstances:
1. After notice and hearing the tribunal finds that
a. the child, individual obligee, and ob-ligor do not reside in the issuing state;
b. the petitioner seeks modification and is not a Florida resident; and
c. the Florida tribunal has personal jurisdiction over the respondent.
2. The tribunal finds that it has personal jurisdiction over an individual party or the child and that all of the individual parties have filed a consent in the issuing tribunal to the Florida tribunal’s modifying the support order and assuming continuing exclusive jurisdiction over it.
Trissler v. Trissler, 987 So.2d 209, 211-12 (Fla. 5th DCA 2008) (citing § 88.6111(1), Fla. Stat.). “The FFCCSOA is virtually identical to the UIFSA.” Id. at 210.
Here, neither the parents nor the child live in California. California has, therefore, lost continuing, exclusive jurisdiction under the FFCCSOA. See Pulkkinen v. Pulkkinen, 127 So.3d 738, 743 (Fla. 1st DCA 2013). “[California’s] loss of continuing, exclusive jurisdiction, however, does not automatically confer jurisdiction on a Florida court to modify [California’s] child support order.” Id. at 743^44 (citing Bowman v. Bowman, 82 A.D.3d 144, 917 N.Y.S.2d 379 (N.Y.App.Div.2011)). Father is a resident of Florida and, therefore, may not petition to modify the child support order under section 88.6111. Trissler, 987 So.2d at 211. The record contains no evidence that Florida ever exerted personal jurisdiction over the child. See § 48.193, Fla. Stat. (2012). Furthermore, personal jurisdiction gained under section 48.193 “does not confer subject matter jurisdiction to modify a child support order previously established by a foreign court of competent jurisdiction.” Jesse v. Dep’t of Rev. ex rel. Robinson, 711 So.2d 1179,1181 (Fla. 2d DCA 1998). Nothing in the record indicates that either party filed a consent in the California court to allow the Florida court to modify the child support order. Consequently, the trial court never had subject matter jurisdiction to modify the California child support order. Pulkkinen, 127 So.3d at 746; Trissler, 987 So.2d at 212.
“A judgment entered by a court which lacks subject matter jurisdiction is void and subject to collateral attack under rule 1.540 at any time.” McGhee v. Biggs, 974 So.2d 524, 526 (Fla. 4th DCA 2008) (citing Strommen v. Strommen, 927 So.2d 176 (Fla. 2d DCA 2006)); see also Mannino v. Mannino, 980 So.2d 575, 577 (Fla. 2d DCA 2008); Fla. R. Civ. P. 1.540(b)(4). Accordingly, we reverse and remand for the trial court to vacate the order modifying the California child support order.
REVERSED and REMANDED with instructions.
ORFINGER and LAMBERT, JJ., concur.

. 28 U.S.C. § 1738B (2012), provides, in relevant part: .
(e) Authority To Modify Orders. — A court of a State may modify a child support order issued by a court of another State if—
(1) the court has jurisdiction to make such a child support order pursuant to subsection (i); and
(2)(A) the court of the other State no longer has continuing, exclusive jurisdiction of the child support order because that State no longer is the child’s State or the residence of any individual contestant; or
(B) each individual contestant has filed written consent with the State of continuing, exclusive jurisdiction for a court of another State to modify the order and assume continuing, exclusive jurisdiction over the order.

. Section 88.6111, Florida Statutes (2012), provides:
Modification of child support order of another state.—
(1) After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify that order only if s. 88.6131 does not apply and after notice and hearing it finds that:
(a) The following requirements are met:
1. The child, the individual obligee, and the obligor do not reside in the issuing state;
2. A petitioner who is a nonresident of this state seeks modification; and
3. The respondent is subject to the personal jurisdiction of the tribunal of this state; or
(b) The child, or a party who is an individual, is subject' to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have filed written-consents in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing exclusive jurisdiction over the order. However, if the issuing state is a foreign jurisdiction that has not enacted a law or established procedures substantially similar to the procedures under this act, the consent otherwise required of an individual residing in this state is not required for the tribunal to assume jurisdiction to modify the child support order.