IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANTHONY LAMANCUSA, III,

       Appellant,

 v.                                                                                              Case No.  5D17-1997

DEPARTMENT OF REVENUE O/B/O
TINA LAMANCUSA,

       Appellee.

_____/

Opinion filed June 29, 2018

Appeal from the Circuit Court
for Brevard County,
David E. Silverman, Acting Circuit Judge.

Elizabeth Siano Harris, of Harris Appellate
Law Office, Mims, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carrie R. McNair,
Assistant Attorney General, Child Support
Enforcement, Tallahassee, for Appellee.


EVANDER, J.

      Anthony Lamancusa, III, the former husband, appeals from an order denying his

supplemental petition to terminate his child support obligation.  The order on appeal (the

"2017 order") vacated an earlier Florida court order (the "2013 order") to the extent that

the 2013 order modified the duration of the former husband's child support obligation as

initially established in a final judgment of dissolution of marriage rendered by a New York court. Because the trial court erroneously concluded that the Florida court that entered the 2013 order lacked subject matter jurisdiction to modify the duration of the former husband's child support obligation, we reverse.

In 2008, a New York court entered a final judgment dissolving the marriage between the Lamancusas. Pursuant to the final judgment, and consistent with New York law, the former husband was ordered to pay child support for the parties' youngest child until the child reached twenty-one years of age. Subsequent to the filing of the petition for dissolution in New York, Ms. Lamancusa moved to Florida with the youngest child and the former husband moved to North Carolina. In 2009, the New York judgment was registered in Florida.

In 2013, the former husband filed a supplemental petition for modification in Florida, based on a decrease in his income. After a hearing, the Florida court entered the 2013 order, reducing the former husband's child support obligation. Although not requested in the former husband's petition, the 2013 order also modified the duration of the former husband's child support obligation:

> The [former husband's] obligation to pay child support shall continue until the child . . . reaches the age of 18, dies, or emancipates. Upon request, the obligation will continue beyond the age of 18 so long as the child is in high school with the expectation that he or she will graduate before turning 19 years of age. In such case, the obligation will terminate upon the child's graduation from high school.

No appeal was taken from the 2013 order.

In 2017, after the youngest child turned eighteen and graduated from high school, the former husband filed a supplemental petition to terminate his child support obligation.

2

In response, the Department of Revenue, acting on behalf of the former wife, argued that the 2013 order was void to the extent it purported to modify the duration of the former husband's child support obligation.

At the final hearing, the trial court succinctly phrased the issue as follows:

> So my take is that if [the trial court] had jurisdiction originally on this, the question is was the modification of this with respect to duration, was that just wrong, a bad ruling, in which case the time for appeal has long passed, and nobody raised this otherwise, or whether the Court lacked subject matter jurisdiction.

Ultimately, the trial court concluded that the 2013 order was void to the extent it purported to modify the duration of the former husband's child support obligation, based on lack of subject matter jurisdiction. We respectfully disagree.

Subject matter jurisdiction refers to a court's authority to hear and decide a case. *In re Adoption of D.P.P.*, 158 So. 3d 633, 636 (Fla. 5th DCA 2014) (citing *Fla. Star v. B.J.F.*, 530 So. 2d 286, 288 (Fla. 1988)). An examination of subject matter jurisdiction requires specific focus on the authority of the court over a general class of cases, rather than on the particular facts of an individual case. *Id.* Thus, a challenge to subject matter jurisdiction is proper only when the court lacks authority to hear a class of cases, rather than when it simply lacks authority to grant the relief requested in a particular case. *Id.* at 636-37.

In the instant case, pursuant to the Federal Full Faith and Credit Child Support Order Act ("FFCCSOA") and Florida's Uniform Interstate Family Support Act ("UIFSA"), the Florida trial court had subject matter jurisdiction to modify the former husband's child support obligation initially established in New York. "The FFCCSOA creates a framework for dealing with foreign support orders to determine which order controls, and requires

3

that such orders be given full faith and credit by all states." *Trissler v. Trissler*, 987 So. 2d 209, 210 (Fla. 5th DCA 2008) (citing 28 U.S.C. § 1738B (2007)).  The UIFSA is a uniform act created to ensure interstate consistency in the establishment, enforcement, and modification of child support orders, and has been adopted by all states, including Florida.  *See Pulkkinen v. Pulkkinen*, 127 So. 3d 738, 745 (Fla. 1st DCA 2013).  Together, the FFCCSOA and the UIFSA "create a national regime in which only a single support order is effective at any given time."  *Id.* (quoting *Hamilton v. Hamilton*, 914 N.E.2d 747, 751 (Ind. 2009)).

To accomplish this goal, both the FFCCSOA and Florida's UIFSA rely on the concept of "continuing, exclusive jurisdiction."  *See* 28 U.S.C. § 1738B(d) (2012); § 88.2051, Fla. Stat. (2013); *Trissler*, 987 So. 2d at 210.  A state that issues an initial child support order has continuing, exclusive jurisdiction over the order.  28 U.S.C. § 1738B(d); § 88.2051(1), Fla. Stat.; *Trissler*, 987 So. 2d at 210.  However, "the issuing state loses such jurisdiction when neither the child nor any of the parties continue to reside in the state or when all of the parties file written consents with the issuing court to allow another state to assume continuing, exclusive jurisdiction over the order, despite the parties' state of residence."  *Trissler*, 987 So. 2d at 210 (citing 28 U.S.C. § 1738B(e)(2)(A), (B); § 88.2051, Fla. Stat.).

In the instant case, New York lost exclusive, continuing jurisdiction over the Lamancusas' case because neither parent nor the child continued to reside in New York. While the loss of continuing, exclusive jurisdiction by New York did not automatically confer on another state the jurisdiction to modify the child support order, *see Pulkkinen*, 127 So. 3d at 743-44 (citing *Bowman v. Bowman*, 917 N.Y.S.2d 379, 382 (N.Y. App. Div.

2011)), subject matter jurisdiction was expressly granted to Florida courts under section

88.6111(1)(a), Florida Statutes (2013). That section provides that a Florida court may

modify a child support order issued in another state that is registered in this state if, after

notice and hearing, the following requirements are met:

> 1. The child, the individual obligee, and the obligor do not
> reside in the issuing state;
>
> 2. A petitioner who is a nonresident of this state seeks
> modification; and
>
> 3. The respondent is subject to the personal jurisdiction of the
> tribunal of this state . . . .

§ 88.6111(1)(a), Fla. Stat. (2013). It is undisputed that these requirements were met in

this case.

The Department of Revenue argues that although Florida courts had the authority

to modify the amount of the former husband's child support obligation, section 88.6111(3)

and (4), as adopted by the Florida Legislature in 2011, precluded modification of the

duration of the child support obligation. These subsections provide, in relevant part:

> (3) A tribunal of this state may not modify any aspect of a
> child support order *that may not be modified under the law of
> the issuing state*, including the duration of the obligation of
> support. . . .
>
> (4) In a proceeding to modify a child support order, *the law of
> the state that is determined to have issued the initial
> controlling order governs the duration of the obligation of
> support.* The obligor's fulfillment of the duty of support
> established by that order precludes imposition of a further
> obligation of support by a tribunal of this state.

§ 88.6111(3)-(4), Fla. Stat. (2003) (emphasis added).

The Department's argument fails for two reasons. First, although adopted by the

Legislature in 2011, these provisions did not become effective until after the 2013 order.

5

Specifically, chapter 2011-92, section 81, Laws of Florida, provides that "[e]xcept as otherwise expressly provided in this act, this act shall take effect upon the earlier of 90 days following Congress amending 42 U.S.C. s. 666(f) to allow or require states to adopt the 2008 version of the Uniform Interstate Family Support Act, or 90 days following the state obtaining a waiver of its state plan requirement under Title IV-D of the Social Security Act." Congress passed an amendment to 42 U.S.C. § 666(f) in late 2014 to require that states adopt the 2008 version of the UIFSA. *See* Pub. L. 113-183, Title III, § 301(f)(1), Sept. 29, 2014, 128 Stat. 1944.

Second, even if these provisions were in effect in 2013, we conclude that they do not limit a Florida court's subject matter jurisdiction to modify the duration of an out-of-state child support order. Rather, these sections provide that a Florida court is to apply the laws of the issuing state in making a decision regarding the modification of the duration of an out-of-state child support order. In other words, subsections 88.6111(3) and (4) are choice-of-law provisions, not limitation of subject matter jurisdiction provisions. *See In re Ball*, 123 A.3d 719, 724, 726 (N.H. 2015) ("The parties dispute whether the [New Hampshire] trial court had subject matter jurisdiction in 2008 to change the duration of the respondent's child support obligation from that set forth in the Massachusetts support order. The petitioner argues that the trial court lacked jurisdiction to shorten the duration because doing so would not have been allowed under Massachusetts law. . . . The petitioner, however, conflates subject matter jurisdiction with choice of law."; "Accordingly, even if, as the petitioner contends, the trial court [erred] by applying New Hampshire law to the duration of the respondent's child support obligation, such would constitute an error of law rather than a jurisdictional defect."); *see also In re Schneider*,

6

268 P.3d 215, 223 (Wash. 2011) ("Under the UIFSA, a Washington court has subject matter jurisdiction to modify out-of-state child support orders but lacks the authority to do so if . . . the modification changes the duration of the support obligation inconsistently with the law of the state that issued the initial controlling order.").

We further observe that New York law permits modification of the duration of a child support obligation where there has been a substantial change of circumstances. *See, e.g.*, *Calderon v. Almonte*, 68 N.Y.S.3d 746, 747 (N.Y. App. Div. 2018) (holding that magistrate properly terminated father's child support obligation where evidence established substantial change in circumstances, namely, child moving from mother's house to father's house, which justified terminating father's child support obligation). However, as previously discussed, New York has lost continuing, exclusive jurisdiction over the instant case. To accept the Department's argument that Florida lacks subject matter jurisdiction to modify the duration of the former husband's child support obligation, would mean that the former husband would be without a forum to seek such modification even if there had been a substantial change of circumstances justifying a modification.

Although the Florida trial court may have committed an error of law in modifying the duration of the former husband's child support obligation in its 2013 order, it did not act without subject matter jurisdiction. Accordingly, it was error for the trial court, in the 2017 order, to vacate the 2013 order to the extent that the 2013 order modified the duration of the former husband's child support obligation.

REVERSED and REMANDED.

BASS, J.L., Associate Judge, concurs.
EISNAUGLE, J., concurs specially, with opinion.

7

EISNAUGLE, J., concurring specially.

I agree that, based on a plain reading of section 88.6111, Florida Statutes (2013), the trial court had subject matter jurisdiction to modify the duration of child support. However, given this disposition and the issues preserved in our record, I find it unnecessary to join the other portions of the majority's opinion.